[Civ. No. 9936. First Appellate District, Division One.—June 9, 1936.]

OPAL R. KIDD, Respondent, v. LLOYD K. HILLMAN, Appellant.

John J. Taheny for Appellant.

Sandford, Burger & Barry for Respondent.

TYLER, P. J.—Action to recover for damages to an automobile sustained in a collision. Plaintiff's complaint alleged in substance that on or about the 18th day of January, 1931, she was operating her automobile on the Bayshore highway in San Mateo County when another automobile carelessly and negligently operated by an agent of appellant forcibly collided with her machine and damaged it. She also alleged and prayed for damages for loss of its use. The action was filed April 14, 1933. Plaintiff had previously commenced an action against defendant Hillman and others growing out of the same collision, on January 16, 1932. In this prior action, as here, she alleged she had sustained certain injuries to her person and property. Plaintiff alleged appellant's driver was negligent, which was the cause of the collision, and that he was driving the appellant's automobile with his permission. In this prior complaint, she alleged, in addition to certain personal injuries, that she had sustained property damage to clothing worn by her in the sum of $100. This action resulted in a verdict for plaintiff and against defendants for the sum of $1,000. Thereafter, on May 20, 1932, she executed and delivered to defendant Hillman a certain instrument in writing by the terms of which she released him for the sum of $950 from all liability, past and present, by reason of his imputed negligence. A few days later satisfaction of said judgment was entered. Thereafter, as above recited, she instituted the present action to recover for further damage to her property sustained in the selfsame collision, and alleged that she was at all times the owner of the automobile in which she was riding, and as a result of the collision it was damaged in the sum of $475.49. She also prayed for $150 additional damages for loss of the use of her car. The latter claim was abandoned at the trial. Appellant set up the release, the execution of which is not disputed. He also pleaded that plaintiff was splitting a cause of action. He alleged the commencement of the prior action, the judgment, and the fact that both actions were predicated upon the same act of negligence. In passing it may be stated that it appeared in evidence that at the time the prior action was filed John Kidd, the husband of plaintiff, sued the same appellant and alleged in his complaint that the automobile which forms the basis of the present suit was broken and damaged by the

collision, and he was deprived of its use to his damage in the sum of $300. Though not the owner of the automobile he recovered judgment against appellant in the sum of $300, and later he also signed a release to Hillman. His and his wife's former actions were filed on the same day by the same attorneys and were tried together.

At the present trial, which was had before the court sitting without a jury, plaintiff introduced no evidence in support of the allegation that the driver of appellant's car was negligent, or that he was an employee of the appellant, or that he was driving with the consent of appellant. In order to establish these allegations there was introduced and received in evidence the record of the previous action between the parties. Appellant objected to this evidence on the ground that plaintiff was attempting to split a cause of action, by reason of the fact that in the prior action the same plaintiff sued the same appellant for property damage, and on the further ground that plaintiff had signed a release of any and all causes of action she had or might have against the appellant growing out of the collision. Plaintiff then offered in evidence a written assignment whereby an insurance company purported to sell and assign to plaintiff all claims which the company might have against any person or persons arising out of damage occurring to the plaintiff as a result of said collision. This document was admitted in evidence over stipulated objections, and also over the specific objection that the pleadings disclosed that plaintiff was not suing as an assignee but as the owner of the automobile. This assignment was executed on the 14th day of March, 1931, which was long prior to the date of the filing of the original action. Defendant Hillman then offered to prove that the driver of the car was not employed by him at the time of the accident but that he had taken the car without defendant's permission. The proffered evidence was excluded on the ground that the question was previously adjudicated in the prior action. Judgment went in favor of plaintiff in the sum of $475.44 and costs. Defendant Hillman appeals.

The theory of counsel for plaintiff is that an insurance company, not a party to the action, having indemnified plaintiff for damage to her automobile, became subrogated to her right of action, and at the time of signing the release she had no right, title or interest in the damage to her car.

There is no merit in the contention. Appellant herein had no knowledge, so far as the record shows, that the insurance carrier had compensated plaintiff for the damage she suffered. The release was therefore binding on the company (*Bernhard* v. *Delluaitante,* 5 Cal. App. (2d) 585 [43 Pac. (2d) 338]), and this is especially true where payment by the tort-feasor was not voluntary but at the end of a lawsuit wherein judgment had been pronounced against him. (*Fidelity Ins. Co.* v. *Atlantic Coast Line R. Co.,* 165 N. C. 136 [80 S. E. 1069].)

Again, an insured may not split his cause of action, and the insurer is in no better position than the insured. Plaintiff in her original action recovered for injuries to her person and property. She cannot now pursue appellant in another action for damage to her property arising out of the same accident. Respondent has cited us to the case of *Hamilton Fire Ins. Co.* v. *Greger,* 246 N. Y. 162 [158 N. E. 60, 55 A. L. R. 921], as holding a contrary rule. The question of splitting causes of action was not there involved. The case is not in point.

Appellant has been subjected to two actions. He should not be harassed by a third. It was the duty of the insurer to protect its right of subrogation, assuming it had such right. Not having done so, it cannot now be heard to complain. (*Sun Insurance Office* v. *Hohenstein,* 128 Misc. 870 [220 N. Y. Supp. 386] ; *Packham* v. *German F. Ins. Co.,* 91 Md. 515 [46 Atl. 1066, 80 Am. St. Rep. 461, 50 L. R. A. 828].) The action is barred both by the release and by the rule against the splitting of causes of action. This being so, the judgment should be and it is hereby reversed.

Knight, J., and Cashin, J., concurred.