Opinion
KLEAVER, P. J.
Ruling
The judgment of the Justice Court for the McCloud Judicial District entered in favor of plaintiff/respondent State Farm Mutual Automobile x Insurance Company and against defendant/appellant Bobby Jack Davis as to count II of the complaint is affirmed.
Comment
Although the judgment here entered is upon the second cause of action only and the issues raised in the first cause of action are not re *Supp. 25 solved, the judgment entered on the second cause of action is appeal-able. (Aetna Cas. etc. Co. v. Pacific Gas and Elec. Co. (1953) 41 Cal.2d 785 [265 P.2d 5, 41 A.L.R.2d 1037].)
The second cause of action alleges the following:
That appellant Bobby Jack Davis (Davis) and one Wood were involved in a vehicle accident in which Davis was injured and his vehicle was damaged. Respondent State Farm Mutual Automobile Insurance Company (State Farm) had issued a policy of insurance to Davis which contained a provision for payment to Davis, its insured, for damage to his vehicle caused by collision. That policy was in effect at the time of the accident. Pursuant to the policy terms, State Farm paid Davis $2,670.
Thereafter, Davis filed suit in Siskiyou County Superior Court (Davis v. Wood, No. 28227) seeking recovery from Wood for personal injuries and damage to his vehicle. That action was settled. The settlement resulted in a general release of all claims and dismissal of the action with prejudice.
State Farm filed a motion for summary judgment in which the foregoing facts were established. In addition, State Farm established that its policy issued to Davis contained the following: “4. Subrogation. Upon payment under this policy ... the company shall be subrogated to all the insured’s rights of recovery therefor and the insured shall do whatever is necessary to secure such rights and to do nothing to prejudice them.”
Davis established that correspondence between counsel for Davis and representatives of State Farm was exchanged after payment by State Farm to Davis of his property damage. State Farm made no request of counsel for Davis to represent State Farm or to pursue a claim on its behalf against Wood. State Farm gave no authorization to Davis or his attorneys to receive funds on behalf of State Farm, or to compromise or otherwise settle any claim on its behalf arising by reason of its subrogation right.
The justice court, upon the foregoing, entered its order granting summary judgment in favor of State Farm against Davis in the sum of $2,670. We affirm that judgment.
*Supp. 26 There is no doubt that the execution and delivery of the release of all claims, including damage to the Davis vehicle, and dismissal of the action with prejudice which alleged a cause of action for damage to the Davis vehicle, has foreclosed any right of State Farm to proceed against Wood on its subrogation right. (See Kidd v. Hillman (1936) 14 Cal.App.2d 507 [58 P.2d 662], Commercial Standard Ins. Co. v. Win-field (1938) 24 Cal.App.2d All [75 P.2d 525], and Pacific Indemnity Group v. Dunton (1966) 243 Cal.App.3d 504 [52 Cal.Rptr. 332].)
Davis contends that State Farm should be estopped to assert any claim against him because State Farm failed to make clear that it intended to seek recovery under its subrogation right. This contention has no merit. The collateral source rule, generally, provides that damages recoverable by an injured party are not reduced in the amount of payments for the loss from a source wholly independent of the wrongdoer. (Lewis v. County of Contra Costa (1955) 130 Cal.App.2d 176, 178 [278 P.2d 756].) State Farm is a source independent of Wood and would be a “collateral source” were it not for the subrogation agreement contained within the insurance policy, quoted above. That subrogation agreement substituted State Farm in the place of Davis with regard to any right of recovery against Wood for the damage caused by Wood to the Davis vehicle. It was the equivalent of an equitable assignment. (Royal Indem. Co. v. Security Truck Lines (1963) 212 Cal.App. 2d 61 [27 Cal.Rptr. 858].) Indeed, State Farm paid Davis the full amount of that damage in return for the assignment of Davis’ right to recover from Wood, the wrongdoer. Davis breached his agreement with State Farm by the settlement with Wood.
Damage to property and injury to person, each caused by a single act, are separate causes of action and may be pursued separately. (Cf. Holmes v. David H. Bricker (1969) 70 Cal.2d 786, 789 [76 Cal.Rptr. 431, 452 P.2d 647].) Failure to have included the property damage claim in the superior court action filed by Davis for personal injury would not have precluded State Farm from pursuing its subrogation right at a later time.
Parenthetically, see Phillips v. Western Pac, R.R. Co. (1971) 22 Cal.App.3d 441 [99 Cal.Rptr. 451], as an example of the procedure that may be followed in a case in which partial subrogation has occurred.
*Supp. 27 The judgment is affirmed.
Underwood, J., and Phelps, J., concurred.