[No. C023438. Third Dist. Jan. 25, 2000.]

ALLSTATE INSURANCE COMPANY, Plaintiff and Appellant, v.
MEL RAPTON, INC., et al., Defendants and Respondents.

**COUNSEL**

Bolinger, Morse & Sloan, William B. Sloan and Kenneth W. Bolinger for Plaintiff and Appellant.

Lossing & Elston, Kevin J. Gray and Nathaniel D. McKitterick for Defendants and Respondents.

**OPINION**

**SCOTLAND, P. J.**—This appeal involves a common situation. A person whose car is damaged by someone else's negligence tenders a claim to her insurance company. The company pays off, but its policy does not cover all of the damages. Hence, the policyholder files a small claims action against the tortfeasor to recover uninsured losses.

After the policyholder in this case obtained a small claims judgment in her favor, her insurance company brought a subrogation action against the tortfeasor to recover what the insurance company had paid to the policyholder to cover losses she suffered as a result of the tortfeasor's negligence.

The question tendered is whether the policyholder's small claims judgment against the tortfeasor bars the insurance company from pursuing its subrogation action because the latter action is precluded by the res judicata effect of the rule against splitting a cause of action. As we shall explain, the

trial court correctly determined that the insurance company's action is barred.

### FACTS AND PROCEDURAL BACKGROUND

A fire that started in Katie Gallagher's Honda Accord destroyed the interior of the car and its contents. Gallagher had purchased the car from defendant Mel Rapton, Inc., doing business as Mel Rapton Honda (Mel Rapton). At the time of the fire, Gallagher held a policy of casualty insurance on the car, issued by plaintiff Allstate Insurance Company (Allstate).

After examining the car, Allstate concluded the fire started in the cigarette lighter. Mel Rapton had repaired the lighter shortly before the fire.

Allstate determined the car was a total loss and paid Gallagher $14,568.93. Allstate then notified Mel Rapton and its insurer Farmers Insurance Group (Farmers) that, in Allstate's view, Mel Rapton was responsible for Gallagher's loss. Allstate also told Farmers that Gallagher had subrogated to Allstate her claim against Mel Rapton, by virtue of Allstate having paid Gallagher in accordance with her policy.

Pursuant to its subrogation claim, Allstate demanded that Farmers reimburse Allstate the sum it had paid to Gallagher. In its reply, Farmers denied any responsibility for the loss.

Thereafter, Gallagher sought reimbursement from Mel Rapton for losses not covered by her insurance policy with Allstate. In her demand letter, she stated the payment she received from Allstate did not compensate her for (1) pain and suffering or the loss of her insurance deductible, (2) her down payment on the car or the principal and interest payments she had made on the car loan, (3) amounts she had paid for car accessories, including floormats, a dashmat, and tinted windows, and (4) personal items lost in the fire, including a concert ticket and cassette tapes.

When Mel Rapton failed to respond to her demands, Gallagher brought a small claims action against it. After a hearing in small claims court, judgment was entered in Gallagher's favor against Mel Rapton in the amount of $386.

More than a year later, Allstate filed in the municipal court a "Complaint in Subrogation for Property Damage" against Mel Rapton and American Honda Corporation, alleging the cigarette lighter in Gallagher's car was

negligently serviced by Mel Rapton or was negligently designed by American Honda Corporation. Allstate sought damages of $13,156.93, the sum it paid Gallagher minus the salvage value of the car. American Honda Corporation reached a settlement with Allstate and was dismissed from the action.

Mel Rapton moved for summary judgment on the ground that Allstate's action is barred by the principles of res judicata and the rule against splitting causes of action. Mel Rapton argued that, because Allstate's claim derives solely from the subrogation of Gallagher's rights against Mel Rapton, Gallagher's small claims court action against Mel Rapton for property damage bars Allstate from later suing Mel Rapton for damages arising from the same incident. It also argued that, because Gallagher's small claims action and Allstate's municipal court complaint are based upon the same cause of action, Allstate's complaint represents an improper attempt to split the cause of action into two proceedings.

In opposition, Allstate argued that Mel Rapton had waived the right to object on the ground of res judicata because, even before Gallagher filed her small claims action, Mel Rapton was aware that Allstate held a subrogation claim, and failed to object that Allstate had not been joined in the small claims action. Moreover, Allstate argued, the doctrine of res judicata applies only to issues that actually could have been litigated in a prior proceeding, and Allstate's subrogation claim could not have been litigated in Gallagher's small claims action because assignees of claims have no access to small claims court.

At the hearing on the motion, Allstate asserted it had no notice or knowledge of Gallagher's small claims court action before judgment was entered in that proceeding, and thus could not have intervened or otherwise attempted to have its claim litigated with Gallagher's action.

The trial court granted Mel Rapton's motion for summary judgment, ruling that Allstate's municipal court action represented an impermissible effort to split a cause of action. Judgment was entered in Mel Rapton's favor.

Allstate appealed to the appellate department of the superior court (Code Civ. Proc., § 77, subd. (e)), which reversed the judgment and certified the transfer of the case to this court because the case "presents the opportunity to consider whether an exception to the merger principle of res judicata and the rule against splitting a cause of action should be recognized in this situation."

We transferred the case for hearing and decision. (Code Civ. Proc., § 911; Cal. Rules of Court, rules 62, 63.)[1]

### DISCUSSION

As the facts of this case are not in dispute, there is no triable issue of material fact. The parties simply disagree as to whether Allstate's complaint is barred by the doctrine of res judicata.

■ The defense of res judicata is properly raised by a motion for summary judgment and is a ground upon which to grant summary judgment. (*Rohrbasser v. Lederer* (1986) 179 Cal.App.3d 290, 296 [224 Cal.Rptr. 791].) Whether the defense applies under the facts of this case poses a question of law which we consider de novo on appeal. (*Id.* at pp. 296, 300.)

Mel Rapton contends the judgment entered in Gallagher's small claims action precludes Allstate's subsequent action which arises from the same fire. We agree for reasons that follow.

■ "It is elementary that '[t]he doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving the same controversy. It seeks to curtail multiple litigation causing vexation and expense to the parties and wasted effort and expense in judicial administration.'" (*Nakash v. Superior Court* (1987) 196 Cal.App.3d 59, 67 [241 Cal.Rptr. 578], quoting 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment § 188, p. 621, italics omitted.) Generally speaking, a valid final judgment in favor of a plaintiff merges any claim of the same cause of action in the judgment, and precludes the plaintiff from maintaining any later suit on the same cause of action. (*Hatch v. Bank of America* (1960) 182 Cal.App.2d 206, 210-211 [5 Cal.Rptr. 875].) This aspect of res judicata applies to judgments rendered by the small claims court. (*Perez v. City of San Bruno* (1980) 27 Cal.3d 875, 884 [168 Cal.Rptr. 114, 616 P.2d 1287]; *Sanderson v. Niemann* (1941) 17 Cal.2d 563, 573 [110 P.2d 1025].)

■ The rule against a plaintiff splitting a single cause of action so as to make it the basis of several suits is, in part, an application of the doctrine of res judicata. (*People v. Damon* (1996) 51 Cal.App.4th 958, 974 [59

---

[1]Counsel has informed us that the case was settled while the appeal was pending in this court. Nonetheless, Allstate's counsel urges us not to dismiss the appeal because it involves a significant issue which arises frequently in the trial court and for which there is no authority on point. We agree with Allstate that the appeal should be decided because it presents an issue of broad public interest which is likely to recur. (Cf. *State of Cal. ex rel. State Lands Com. v. Superior Court* (1995) 11 Cal.4th 50, 61 [44 Cal.Rptr.2d 399, 900 P.2d 648]; *County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1006 [78 Cal.Rptr.2d 272].)

Cal.Rptr.2d 504]; *Boccardo v. Safeway Stores, Inc.* (1982) 134 Cal.App.3d 1037, 1043 [184 Cal.Rptr. 903]; *Ferraro v. Southern Cal. Gas Co.* (1980) 102 Cal.App.3d 33, 41 [162 Cal.Rptr. 238].) In determining whether a cause of action has been split, the relief sought by the injured party should not be confused with the cause of action; "[t]he violation of *one primary right* constitutes a single cause of action, though it may entitle the injured party to many forms of relief . . . ." (*Wulfjen v. Dolton* (1944) 24 Cal.2d 891, 895-896 [151 P.2d 846]; accord, *People v. Damon, supra,* at p. 974.)

Mel Rapton's argument that Gallagher and Allstate have improperly attempted to split a single cause of action arising from damage to Gallagher's car stems from the fact that, upon paying Gallagher $14,568.93 in insurance proceeds, Allstate became subrogated in the amount of that payment. (Cf. *Ferraro v. Southern Cal. Gas Co., supra,* 102 Cal.App.3d at p. 41.)  ■  Pursuant to the subrogation doctrine, when an insurer has paid an insured the amount of a loss caused by a third party, the insurer may step into the shoes of the insured and pursue the insured's rights and remedies against the third party tortfeasor. (*Rossmoor Sanitation, Inc. v. Pylon, Inc.* (1975) 13 Cal.3d 622, 633-634 [119 Cal.Rptr. 449, 532 P.2d 97]; *Fireman's Fund Ins. Co. v. Maryland Casualty Co.* (1994) 21 Cal.App.4th 1586, 1595-1596 [26 Cal.Rptr.2d 762].)

When, as often happens, the insured is only partially compensated by the insurer for a loss (because of deductibles, policy limits, and exclusions), operation of the subrogation doctrine "results in two or more parties having a right of action for recovery of damages based upon the same underlying cause of action." (*Ferraro v. Southern Cal. Gas Co., supra,* 102 Cal.App.3d at p. 41, fn. omitted.) The insured retains the right to sue the responsible party for any loss not fully compensated by insurance, and the insurer has the right to sue the responsible party for the insurer's loss in paying on the insurance policy. (*Ibid.*) The insurer is not limited to an action in intervention but may bring a separate independent action to recover directly from the third party tortfeasor. (*Deutschmann v. Sears, Roebuck & Co.* (1982) 132 Cal.App.3d 912, 915-916 [183 Cal.Rptr. 573].)

Although the insurer may bring a separate action against the tortfeasor, the rule against splitting a cause of action is violated where both the insurer and insured pursue separate actions. (*Bright v. American Termite Control Co.* (1990) 220 Cal.App.3d 1464, 1468-1469 [269 Cal.Rptr. 793]; *Ferraro v. Southern Cal. Gas Co., supra,* 102 Cal.App.3d at p. 41.) This is so because the general rule of subrogation provides that an insurer stands in the shoes of its insured; if a second action by the insured is barred, so is the action by the insurer. (*Griffin v. Calistro* (1991) 229 Cal.App.3d 193, 196 [280 Cal.Rptr.

30]; see also *Allstate Ins. Co. v. Loo* (1996) 46 Cal.App.4th 1794, 1799 [54 Cal.Rptr.2d 541] [the insurer has no greater rights than the insured would have and is subject to the same defenses assertable against the insured].) To avoid a violation of the rule against splitting a cause of action, the insured and insurer "should join in a single suit against the tortfeasor." (*Ferraro v. Southern Cal. Gas Co.*, *supra*, at p. 43; *Bank of Orient v. Superior Court* (1977) 67 Cal.App.3d 588, 595 [136 Cal.Rptr. 741].)

■ Where a tortfeasor's single act causes the plaintiff to suffer both personal injury and property damage, there are two causes of action. (*Holmes v. David H. Bricker, Inc.* (1969) 70 Cal.2d 786, 789 [76 Cal.Rptr. 431, 452 P.2d 647]; 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 44, p. 102; 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 361, pp. 926-927.) Thus, some jurisdictions have found there is no impermissible splitting of a cause of action where an insurer brings an action to recover the amount it paid the insured for property damage and the insured brings a separate action for personal injuries. (*Stevens v. Kirkpatrick* (1996) 82 Hawaii 91 [919 P.2d 1003]; *Rosenthal v. Scott* (Fla. 1961) 150 So.2d 433; 16 Couch on Insurance (2d ed. 1983) § 61:9, pp. 84-85.)

It is the settled rule, however, that "a separate cause of action does not arise for each separate item of property damaged as a result of one tortious act." (*Holmes v. David H. Bricker, Inc.*, *supra*, 70 Cal.2d at p. 789.)

Here, both Gallagher's small claims action and Allstate's municipal court action involved separate items of property damaged by the fire in Gallagher's automobile; i.e., Gallagher and Allstate both sought to recover on the same cause of action. At the hearing on Mel Rapton's motion for summary judgment, Allstate conceded that the judgment in Gallagher's small claims action would preclude her from pursuing a second action for property damage not included in the first judgment.

■ Nevertheless, Allstate contends that it should not be similarly constrained because Mel Rapton waived the defense of an impermissible splitting of the cause of action when it failed to object or seek Allstate's joinder in Gallagher's action. We disagree.

■ Because the prohibition against splitting a cause of action exists for the benefit of the defendant, the defendant may waive it and will be deemed to have acquiesced in the plaintiff's splitting of a cause of action if the defendant fails to object. (*Ferraro v. Southern Cal. Gas Co.*, *supra*, 102 Cal.App.3d at pp. 43-44; *Williams v. Krumsiek* (1952) 109 Cal.App.2d 456, 460 [241 P.2d 40]; Rest.2d Judgments, § 26, subd. (1)(a).) Thus, a

tortfeasor's failure to object to separate actions by the insured and insurer may result in a waiver of the tortfeasor's right to later complain that they have split a cause of action. (See, e.g., *Offer v. Superior Court* (1924) 194 Cal. 114, 118-119 [228 P. 11] [if the alleged tortfeasor "does not demur or enter a plea in abatement because of nonjoinder, the defect is waived and he might be held liable to the insured in another action for the amount of the loss not covered by the insurance policy"]; *Ferraro v. Southern Cal. Gas Co., supra,* at pp. 43-44 [although the insureds and insurer improperly split their cause of action, the alleged tortfeasor did not timely object to having to defend against separate actions and thus waived the objection]; *Peerless Ins. Co. v. Superior Court* (1970) 6 Cal.App.3d 358, 361-362 [85 Cal.Rptr. 679].)

However, a waiver generally arises when the tortfeasor has been sued in two actions and could have avoided the multiplicity of actions by bringing a plea in abatement in response to the *second action* while the first action was pending. (E.g., *Ferraro v. Southern Cal. Gas Co., supra,* 102 Cal.App.3d at pp. 43-44; *Phillips v. Western Pac. R.R. Co.* (1971) 22 Cal.App.3d 441, 444 [99 Cal.Rptr. 451].)

■ In this case, Allstate's action was not filed while Gallagher's action was pending; rather, it was filed more than one year after the small claims court judgment was entered.

Thus, Mel Rapton could not have avoided a multiplicity of actions by bringing a plea in abatement in response to the second action. Until Allstate filed its action, there was no impermissible splitting; Gallagher simply had sued Mel Rapton for less than the full amount of her damages.

Mel Rapton could not have sought Allstate's joinder in the small claims action to avoid an impermissible splitting of the cause of action because Allstate's subrogation claim could not be maintained in small claims court (Code Civ. Proc., § 116.420, subd. (a); *Allianz Insurance Co. v. Municipal Court* (1981) 126 Cal.App.3d 1043, 1044-1047 [179 Cal.Rptr. 334]) and the amount of the claim exceeded the court's jurisdictional limit (Code Civ. Proc., § 116.220).

Mel Rapton could not have sought dismissal of the small claims action on the ground Gallagher's insurer *might* institute proceedings on the same cause of action at some unspecified time in the future.[2]

■ Moreover, the affirmative defense of splitting a cause of action is not to be expected from a lay litigant and cannot be deemed waived by an

[2]Assuming for the purpose of discussion only that Code of Civil Procedure section 389 (*section 389*) applies to a small claims action (cf. *Jellinek v. Superior Court* (1991) 228 Cal.App.3d 652, 656-658 [279 Cal.Rptr. 6] [Code Civ. Proc., § 396 is inapplicable in small

unrepresented defendant in small claims court. (*Lekse v. Municipal Court* (1982) 138 Cal.App.3d 188, 192 [187 Cal.Rptr. 698]; Cal. Judges Bench-book: Small Claims Court and Consumer Law (10th ed. 1999) § 3.5, p. 27.)

For all these reasons, Mel Rapton did not waive the defense by failing to raise it until Allstate filed its action.

The cases from other jurisdictions relied upon by Allstate in support of its position that Mel Rapton waived the defense of splitting the cause of action are inapposite. (See *United Services v. Nothelfer* (1992) 195 Mich.App. 97 [489 N.W.2d 150]; *Yellow Cab Co. of D. C., Inc. v. Utica Mutual Ins. Co.* (D.C. 1963) 187 A.2d 902 [40 A.L.R.3d 102]; *Nationwide Ins. Co. v. Steigerwalt* (1970) 21 Ohio St.2d 87 [50 Ohio Op.2d 200, 255 N.E.2d 570].) None involve an action filed after a small claims judgment has been rendered. Instead, waiver of the defense was found (1) where, under Michigan law, joinder of the insurer was mandatory, joinder was the defendant's burden to pursue, and joinder was possible in the court in which the action was filed (*United Services v. Nothelfer, supra,* at pp. 151-152); (2) where the insurer's action and the insured's action were pending at the same time and the defendant failed to object, seek joinder, or suggest consolidation of the actions (*Nationwide Ins. Co. v. Steigerwalt, supra,* at p. 571); and (3) where the defendant prevented the plaintiff insured from pursuing both the insured and uninsured losses in one action. (*Yellow Cab Co. of D. C., Inc. v. Utica Mutual Ins. Co., supra,* at pp. 903-904.)

Allstate contends the rules governing settlement between insureds and tortfeasors who have knowledge of an insurer's subrogation rights are useful

claims proceeding because it is inconsistent with the goals of those proceedings]), it could not have been applied to dismiss Gallagher's small claims action.

Section 389, subdivision (b) provides that, when a person described in subdivision (a) of the section "cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable." Subdivision (a) requires joinder of a "person who is subject to service of process and whose joinder *will not deprive the court of jurisdiction over the subject matter of the action* . . . if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . ." (Italics added.)

Because the amount of Allstate's claim exceeded the small claims court's jurisdiction and Allstate's subrogation claim could not be heard in small claims court (Code Civ. Proc., §§ 116.220, 116.420, subd. (a)), Allstate was not "a person as described in paragraph (1) or (2) of subdivision (a)" of section 389. Therefore, the dismissal provision of section 389, subdivision (b) would not apply.

by analogy and indicate that Mel Rapton's awareness of Allstate's subrogation rights precludes Mel Rapton from claiming Allstate's action is barred.

■ Ordinarily, it is the duty of the insurer to protect its right to subrogation by not permitting the splitting of a cause of action. (*Kidd v. Hillman* (1936) 14 Cal.App.2d 507, 510 [58 P.2d 662].) However, where the tortfeasor is aware of the insurer's subrogation claim and nonetheless chooses to settle the insured's claim independent from the insurer's claim, the tortfeasor may not invoke the rule against splitting a cause of action to foreclose a subsequent action by the insurer. (*Griffin v. Calistro, supra,* 229 Cal.App.3d at p. 196.) Thus, " 'where the tortfeasor obtains a release from the insured with knowledge that the latter has already been indemnified by the insurer, such release of the tortfeasor does not bar the right of subrogation of the insurer.' " (*Conservatorship of Edwards* (1988) 198 Cal.App.3d 1176, 1184 [244 Cal.Rptr. 330], quoting 16 Couch on Insurance, *supra,* § 61:201, p. 262.) This is because such a settlement, effected with "knowledge, actual or constructive" of the insurer's subrogation rights constitutes a "fraud on the insurer[]." (16 Couch on Insurance, *supra,* § 61:201 at p. 265.) Under those circumstances, although another action by the insured would be barred, the insurer's cause of action is not barred. (*Conservatorship of Edwards, supra,* at p. 1184.)

According to Allstate, there is no principled basis for distinguishing between cases that settle before final judgment and those that do not. Thus, because Mel Rapton was aware of Allstate's subrogation claim, the small claims court judgment in favor of Gallagher should not bar a subsequent action by Allstate. We are unpersuaded.

The rule relied on by Allstate involves an insured's and tortfeasor's *voluntary* settlement and release of all claims with knowledge of an insurer's subrogation rights. It is unreasonable for a tortfeasor to expect a settlement and release of all claims to bind a known entity who was not a party to the settlement and was not given an opportunity to take part in the settlement. The tortfeasor cannot knowingly exclude the insurer from a voluntary settlement and then claim the release bars a subsequent action by the insurer.

In contrast, Mel Rapton did not engage in voluntary conduct that served to exclude Allstate from participating in the final resolution of Gallagher's action. Mel Rapton did not choose to be sued in small claims court, a forum in which Allstate could not participate, and it did not agree to have judgment entered against it. ■ The fact that Mel Rapton was aware of Allstate's claim is not enough to preclude the application of the rule against splitting a cause of action. "Payment pursuant to a judgment taken by the insured

against the tortfeasor is not voluntary, and works no fraud against the insurer's right, even though the tortfeasor had knowledge that the insurer had paid the insured under the policy." (16 Couch on Insurance, *supra*, § 61:210, p. 273.)

Absent evidence of conduct by Mel Rapton inducing Allstate to believe it could split the cause of action, Allstate had the burden of protecting its subrogation rights. (*Pacific Indemnity Group v. Dunton* (1966) 243 Cal.App.2d 504, 508 [52 Cal.Rptr. 332].)

For example, Allstate had the ability to include in its contract with Gallagher a clause prohibiting her from impairing Allstate's subrogation rights. It had the obligation to reiterate and explain this condition to Gallagher when it paid her insurance claim. Allstate could have agreed to seek recovery of Gallagher's uninsured losses for her in connection with its subrogation claim, or it could have required that she coordinate her action with Allstate's future legal action. If, despite this clear advisement, Gallagher pursued a small claims action, Allstate could resort to an action against Gallagher for impairment of its subrogation rights. (*State Farm Mut. Auto. Ins. Co. v. Davis* (1981) 122 Cal.App.3d Supp. 23 [176 Cal.Rptr. 517]; Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 1999) ¶¶ 9:146 to 9:153, pp. 9-34 to 9-36 (rev. #1, 1997).)

If Allstate did not want to risk having to sue its insured or did not want to prevent her from recouping her uninsured losses in an expeditious and inexpensive small claims court action, it could have filed the present action as a prophylactic measure at the time it reimbursed Gallagher for her insured losses and then given Mel Rapton an open extension of time in which to respond to the complaint. By doing so, it would have created circumstances requiring Mel Rapton to object to the splitting of the cause of action when Gallagher filed the small claims action, in that Allstate's action would have provided a forum in which the claims could be consolidated or coordinated.

Thus, we conclude that, under the procedural posture of this case and the present state of the law, Gallagher's judgment in small claims court bars Allstate's action against Mel Rapton. (*Orselet v. DeMatteo* (1988) 206 Conn. 542 [539 A.2d 95] [small claims judgment in favor of insured bars subrogation action by insurer].) Where the insured tort victim fails to include all damages suffered in the first action filed, neither the insured nor the subrogee-insurer can sue again. (*Pacific Indemnity Group v. Dunton, supra,* 243 Cal.App.2d at p. 508.) A litigant "cannot avoid the impact of the rule against splitting [a] cause[] of action by choosing for his first foray a tribunal of limited jurisdiction." (*People v. Damon, supra,* 51 Cal.App.4th at p. 975.) A

plaintiff cannot split a single cause of action and make it the basis of several suits in order to take advantage of small claims court jurisdiction and procedure. (Cal. Judges Benchbook: Small Claims Court and Consumer Law, *supra,* § 3.5, p. 27.) By filing her action in small claims court, Gallagher waived any damages in excess of the court's jurisdictional limit. (*Jellinek v. Superior Court* (1991) 228 Cal.App.3d 652, 656 [279 Cal.Rptr. 6].) The judgment of the small claims court bars a subsequent proceeding on the same cause of action. (*Perez v. City of San Bruno, supra,* 27 Cal.3d at p. 884; *Sanderson v. Niemann, supra,* 17 Cal.2d at p. 573.)

Our conclusion is contrary to that of the appellate department of the superior court, which reversed the judgment because, in that court's view, when a defendant in an insured's small claims action is aware of the insurer's subrogation rights and there is no evidence the insurer has knowledge of the small claims action, the defendant must give written notice to the insurer if the defendant intends to rely on the rule against splitting a cause of action. We disagree.

As we have noted, absent affirmative conduct by the defendant that attempts to cut off the insurer's subrogation rights or that amounts to an estoppel (see, e.g., *Conservatorship of Edwards, supra,* 198 Cal.App.3d at p. 1184; *Pacific Indemnity Group v. Dunton, supra,* 243 Cal.App.2d at p. 508), and absent a defendant's failure to pursue joinder, consolidation, or a plea in abatement where such procedural actions are possible (see, e.g., *Ferraro v. Southern Cal. Gas Co., supra,* 102 Cal.App.3d at pp. 43-45; *Peerless Ins. Co. v. Superior Court, supra,* 6 Cal.App.3d at pp. 361-363), it is the insurer's duty to protect its subrogation rights. (*Pacific Indemnity Group v. Dunton, supra,* at p. 508; *Kidd v. Hillman, supra,* 14 Cal.App.2d at p. 510.)

If the insurer is not aware of the insured's small claims action, it is not the defendant's fault, as it is not defendant's responsibility to protect the insurer's subrogation rights and potential future action. The insurer should require its insured, with whom it is in contractual privity, to inform it if the insured files a legal action. The defendant should not be required to engage in an extrajudicial communication with a nonparty about a defense that the defendant plans to raise if the nonparty ever decides to sue the defendant. Moreover, given the rapidity with which small claims actions are heard (see Code Civ. Proc., §§ 116.330, 116.340), any notice to Allstate might not have been timely enough to prevent a multiplicity of actions.

For the reasons stated above, the trial court properly entered judgment in Mel Rapton's favor on the ground that Allstate's subrogation action was barred by the rule against splitting a cause of action.

We recognize that the conclusion which the law has compelled us to reach will have an adverse effect upon a policyholder's ability to resort to small claims court to obtain a prompt and inexpensive resolution of a claim against a tortfeasor for damages that are not covered by the policyholder's insurance. However, this is a public policy issue which should be addressed by the Legislature, not the courts.

## Disposition

The judgment entered in favor of Mel Rapton is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 26(a).)

Davis, J., and Nicholson, J., concurred.