Filed 4/5/16  Santa Clara Valley Transp. Authority v. Valley Recycling CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SANTA CLARA VALLEY TRANSPORTATION AUTHORITY et al., <br><br> Cross-complainants and Appellants, <br><br> v. <br><br> VALLEY RECYCLING, <br><br> Cross-defendant and Respondent. | H041514 <br> (Santa Clara County <br> Super. Ct. No. CV234064) |

Great American Insurance Company (Great American) and Santa Clara Valley Transportation Authority (SCVTA) appeal from a judgment entered against them following an in limine ruling in favor of Valley Recycling.[1]  The superior court found that Great American and SCVTA were collaterally estopped from seeking recovery for property damages due to a prior small claims court judgment in an action brought by SCVTA against Valley Recycling seeking recovery for personal injury arising out of the same vehicular accident.

On appeal, Great American and SCVTA argue the trial court erred in giving collateral estoppel to the small claims court judgment.

We agree and will reverse the judgment.

---

[1] The record indicates that the legal name of this entity is Environmental Resource Recovery Inc.  Since the parties refer to it throughout their briefs as Valley Recycling, however, we do as well.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2011, just after 4:00 a.m., Don Phuong Gedenberg pulled his tractor-trailer[2] out of a driveway on South Seventh Street in San Jose, California, and parked it on the shoulder facing oncoming traffic. Gedenberg failed to sufficiently straighten his vehicle, and the front right portion of the trailer was jutting into the southbound lane.

Around that same time, an SCVTA bus was headed southbound on South Seventh Street. The bus collided with Valley Recycling's trailer, injuring its driver and causing severe damage to both the trailer and the bus. The street was poorly lit in this area.

On or about October 15, 2012, Mid Century Insurance Company (Mid Century), Valley Recycling's insurer, filed a complaint to recover $44,166.47 for the damage to the tractor-trailer. Shortly thereafter, Great American, SCVTA's insurer, and SCVTA filed a cross-complaint against Valley Recycling, among others, seeking to recover their losses due to the damage to SCVTA's bus.

On or about December 27, 2013, SCVTA filed a separate small claims action against Valley Recycling to recover $2,757.80 in medical costs incurred on behalf of its bus driver. The parties appeared for a trial before the small claims commissioner. SCVTA presented two witnesses and introduced an unknown number of documents into evidence, while one witness testified on behalf of Valley Recycling. On June 13, 2014, the commissioner issued the following one sentence ruling, "Liability not found" and judgment was entered in favor of Valley Recycling.

Valley Recycling subsequently brought a motion in limine seeking dismissal of Great American and SCVTA's cross-complaint, arguing that the action was barred by operation of either res judicata or collateral estoppel. In support of its motion, Valley Recycling attached copies of the pleadings and minute orders from the small claims

_____

[2] The tractor-trailer was owned by Gedenberg's employer, Valley Recycling.

2

action. Following argument, the trial court found that Great American and SCVTA's cross-complaint for property damage was barred under the doctrine of res judicata since it was based on the same claim of negligence as SCVTA's small claims action for personal injury.[3]

The trial court conditioned dismissal of the cross-complaint on Mid Century dismissing its complaint against SCVTA, recognizing the inequity of allowing Mid Century to proceed to trial on its claims against SCVTA arising out of the accident issues arising from the accident while SCVTA was precluded from doing so.

Judgment was subsequently entered in favor of Valley Recycling on the cross-complaint and the instant appeal followed.[4]

## II.   DISCUSSION

### A.   Standard of review

The parties disagree on the appropriate standard of review, with Great American and SCVTA arguing that we should review the matter de novo, whereas Valley Recycling contends we review the trial court's decision for an abuse of discretion.

The matter below was decided by an in limine motion.[5] Valley Recycling's motion, which disposed of a pleading before trial, is akin to a motion for judgment on the

---

[3] Prior to ruling on the motion in limine, the trial court permitted Valley Recycling to orally amend its answer to the cross-complaint to assert res judicata and collateral estoppel as further affirmative defenses.

[4] Great American and SCVTA requested we take judicial notice of Valley Recycling's memorandum of costs, filed after the order of dismissal below, on the ground that it demonstrates the "costs and complexity of the superior court action." We find the costs memorandum is not relevant to our consideration of the issue raised on appeal and deny the request. (See *People v. McKinzie* (2012) 54 Cal.4th 1302, 1326 [court will take judicial notice of only relevant matter].)

[5] We have previously expressed our disfavor for using in limine motions as either a substitute for trial or for a statutory motion testing the factual basis of a claim, noting the risk they pose to fair adjudication of factual issues. (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1594 (*Amtower*).) As discussed in more detail below, (continued)

3

pleadings.  (Code Civ. Proc., § 438.)  Like a general demurrer, a motion for judgment on the pleadings "tests the sufficiency of the complaint to state a cause of action.  [Citation.] The court must assume the truth of all factual allegations in the complaint, along with matters subject to judicial notice."  (*Wise v. Pacific Gas & Electric Co.* (2005) 132 Cal.App.4th 725, 738.)  We review judgments on the pleadings de novo.  (*Ibid.*)

### B.  *Res judicata effect of small claims judgment*

Valley Recycling concedes the small claims judgment cannot have res judicata effect with respect to Great American and SCVTA's cross-complaint for *property damage* arising out of the accident.  SCVTA's small claims action sought recovery only for the medical costs incurred due to the personal injuries to its driver.  "Generally speaking, a valid final judgment in favor of a plaintiff merges any claim of the same cause of action in the judgment, and precludes the plaintiff from maintaining any later suit on the same cause of action."  (*Allstate Ins. Co. v. Mel Rapton, Inc.* (2000) 77 Cal.App.4th 901, 907.)  It is well established that "[w]here a tortfeasor's single act causes the plaintiff to suffer both personal injury and property damage, there are two causes of action."  (*Id.* at p. 909.)  Accordingly, the small claims judgment on SCVTA's claim to recoup medical expenses is not res judicata as to Great American and SCVTA's claim for property damages, though both claims arose from the same accident.

### C.  *Collateral estoppel effect of small claims judgment*

We now turn to whether, as Great American and SCVTA argue, the trial court erred in giving collateral estoppel effect to the small claims court judgment entered in favor of Valley Recycling.  For the reasons discussed below, we agree that this was error.

"[I]ssue preclusion, also known as collateral estoppel. . . . [¶] . . . prevents 'relitigation of issues argued and decided in prior proceedings.'  [Citation.]

---

the trial court's use of an in limine motion to dispose of this case on collateral estoppel grounds was improper.

The threshold requirements for issue preclusion are: (1) the issue is identical to that decided in the former proceeding, (2) the issue was actually litigated in the former proceeding, (3) the issue was necessarily decided in the former proceeding, (4) the decision in the former proceeding is final and on the merits, and (5) preclusion is sought against a person who was a party or in privity with a party to the former proceeding. [Citation.] When those requirements are met, the propriety of preclusion depends upon whether application will further the public policies of 'preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation.' " (*Castillo v. City of Los Angeles* (2001) 92 Cal.App.4th 477, 481.)

In *Sanderson v. Niemann* (1941) 17 Cal.2d 563, the California Supreme Court held that issues decided in small claims court should not be given collateral estoppel effect in a subsequent superior court action. (*Id.* at pp. 573-574.) The rationale behind the rule was that proceedings in small claims courts are informal. "The chief characteristics of its proceedings are that there are no attorneys, no pleadings and no legal rules of evidence; there are no juries, and no formal findings are made on the issues presented. At the hearings, the presentation of evidence may be sharply curtailed, and the proceedings are often terminated in a short space of time." (*Id.* at p. 573.)

As they did below, the parties rely on two disparate appellate decisions, *Pitzen v. Superior Court* (2004) 120 Cal.App.4th 1374 (*Pitzen*) and *Sanders v. Walsh* (2013) 219 Cal.App.4th 855 (*Sanders*)[6] to support their respective positions. Valley Recycling urges this court to follow *Pitzen*, whereas Great American and SCVTA argue *Sanders* is the better authority. Having examined both decisions, we find that *Pitzen* is the more persuasive authority.

_____

[6] Each of these decisions was authored by a different division of the Fourth District Court of Appeal.

5

In *Pitzen*, *supra*, 120 Cal.App.4th 1374, following an automobile accident, the driver of one of the vehicles involved, one Rich Garcia, and his passenger, Brian O'Dea, sued the driver of the second vehicle, Gregory Pitzen, in small claims court alleging that Pitzen caused the accident. (*Id*. at p. 1377.) The small claims court entered judgment in favor of Pitzen, issuing a statement of decision indicating that Garcia and O'Dea had not met their burden of proof that Pitzen caused the accident. (*Ibid*.) O'Dea subsequently sued both Garcia and Pitzen in superior court for damages arising from the accident and Garcia cross-complained against Pitzen for apportionment of negligence, partial indemnity and property damage. (*Ibid*.) After O'Dea dismissed his action against Pitzen, Pitzen demurred to Garcia's cross-complaint on collateral estoppel grounds. (*Ibid*.) The trial court took judicial notice of the small claims judgment, memorandum of decision and claim forms, but overruled the demurrer. (*Id*. at pp. 1377-1378.) Pitzen petitioned for a writ of mandate.

The Court of Appeal decided that, under certain circumstances, collateral estoppel may preclude relitigation of an issue decided in a small claims action. (*Pitzen*, *supra*, 120 Cal.App.4th at p. 1377.) The court examined the California Supreme Court's decision in *Sanderson* and concluded that "a primary factor in determining whether to give collateral estoppel effect to a prior final judgment is whether the record in the former proceeding adequately reflects the issues actually litigated and decided in that proceeding. For example, in refusing to afford collateral estoppel effect to a small claims judgment, the *Sanderson* court noted that in small claims proceedings, 'no formal findings are made on the issues presented.' " (*Id*. at p. 1384.) Even under *Sanderson*, the Court of Appeal concluded there is no basis for denying collateral estoppel effect to a small claims judgment "where the record is adequate to reliably determine which issues were litigated and decided in the small claims action." (*Id*. at p. 1385.) Accordingly, the court granted Pitzen's petition, directing the trial court to sustain his demurrer without leave to amend. (*Id*. at p. 1388.)

6

In *Sanders*, *supra*, 219 Cal.App.4th 855, the Fourth Appellate District Court, Division Three, disagreed with *Pitzen*, concluding that collateral estoppel does *not* preclude a small claims plaintiff from relitigating issues in a separate superior court action.

In *Sanders*, the owner of a wig store brought a breach of contract action against one of her customers in small claims court. (*Sanders*, *supra*, 219 Cal.App.4th at p. 858.) The small claims court found in favor of the customer and dismissed the action. (*Id*. at p. 859.) A few months later, the wig store owner made an online posting about the customer which contained allegedly defamatory statements about the customer, specifically claiming, among other things, that she falsified certain evidence submitted to the small claims court. (*Ibid*.) The customer filed an action for defamation in the superior court against the wig store and its owner. (*Id*. at p. 860.)

Before trial, the customer moved to exclude evidence and argument regarding the authenticity of a letter she submitted in the small claims court demonstrating her attempts to return a wig purchased from the wig store. (*Sanders*, *supra*, 219 Cal.App.4th at p. 861.) The trial court, citing *Pitzen*, found the wig store was collaterally estopped from contesting that issue. (*Id*. at pp. 861, 866.)

On appeal, the court affirmed the judgment, though it did expressly disagree with *Pitzen* on the question of the collateral estoppel effect of a prior small claims action.[7] The *Sanders* court determined that *Sanderson* was the controlling precedent on this question. (*Sanders*, *supra*, 219 Cal.App.4th at p. 865.)

We conclude that *Pitzen* is the more persuasive authority as it recognizes that the rule pronounced by *Sanderson* is based principally on the question of whether it is fair to

---

[7] In their brief, Great American and SCVTA incorrectly state that the Court of Appeal in *Sanders* reversed the trial court's judgment. Though the court found the trial court erred, it concluded that error was harmless. (*Sanders*, *supra*, 219 Cal.App.4th at p. 871.)

preclude a litigant from relitigating an issue when it cannot be determined whether that issue was, in fact, previously litigated. Because if it *can* be so determined, the countervailing interest in judicial economy is triggered. Rather than imposing a blanket rule that bars operation of collateral estoppel in all such cases, the *Pitzen* decision operates to balance concerns about the informality of small claims proceedings with litigants' interests in avoiding vexatious multiple lawsuits.

In this case, however, unlike in *Pitzen*, the small claims court record is not sufficiently clear to justify applying collateral estoppel to SCVTA's claims. The record on appeal shows only that both SCVTA and Valley Recycling "presented witnesses at the small claims trial and SCVTA introduced certain unidentified documents in support of its case." The small claims court commissioner entered judgment against SCVTA perfunctorily, noting "Liability not found." Unlike in *Sanderson*, we do not know what the witnesses said in the small claims proceedings nor do we know what specific documents either party introduced into evidence. The trial court did not know those things either. There is nothing to show who the witnesses were, what they said or what documents were submitted. As a result, it cannot be said that "the record is adequate to reliably determine which issues were litigated and decided in the small claims action." (*Pitzen*, *supra*, 120 Cal.App.4th at p. 1385.)

The reason for this inadequate record is clear: the trial court's improper use of an in limine motion to dispose of the case instead of permitting a trial. Just as in *Amtower*, Valley Recycling's pretrial motion was not, strictly speaking, an in limine motion, as those motions are "designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial." (*Amtower*, *supra*, 158 Cal.App.4th at p. 1593.) "What in limine motions are *not* designed to do is to replace the dispositive motions prescribed by the Code of Civil Procedure." (*Ibid*.) The "disadvantages of such shortcuts are obvious. They circumvent procedural protections provided by the statutory motions or by trial on the merits; they risk blindsiding the nonmoving party; and, in some

cases, they could infringe a litigant's right to a jury trial. [Citation.] . . . Furthermore, these irregular procedures can result in unnecessary reversals." (*Id*. at p. 1594.)

The disadvantages we highlighted in *Amtower* are on display in this case. By granting the motion in limine, the trial court did not "facilitate the management of a case"; rather, it *ended* a case without a trial. (*Amtower*, *supra*, 158 Cal.App.4th at p. 1593.) Had the dispute between Valley Recycling and SCVTA gone to trial, they would have presented evidence supporting not just their respective theories of recovery, but their affirmative defenses as well, including Valley Recycling's affirmative defense of collateral estoppel.[8] The trial court could then appraise that evidence in rendering a final judgment. The evidence would also be part of the record on any subsequent appeal, permitting the reviewing court tasked with evaluating a claim of collateral estoppel to "reliably determine which issues were litigated and decided in the small claims action." (*Pitzen*, *supra*, 120 Cal.App.4th at p. 1385.) Under those circumstances, of course, appellate review would favor the judgment. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)

We take the facts as they are, however, not as we would have them. Since the trial court improperly allowed Valley Recycling to use an in limine motion to present its collateral estoppel defense, we have no basis for determining what was actually litigated and decided in the small claims action. Consequently, the judgment in favor of Valley Recycling must be reversed.

---

[8] As noted in footnote 3, *ante*, Valley Recycling's original answer to SCVTA's cross-complaint neglected to allege res judicata and collateral estoppel as affirmative defenses and the trial court allowed an oral amendment of that answer at the hearing on Valley Recycling's motion in limine. It is well-settled that courts have broad discretion to permit the amendment of pleadings under Code of Civil Procedure section 473, subdivision (a)(1). (*Klopstock v. Superior Court* (1941) 17 Cal.2d 13, 19.)

9

## III.   DISPOSITION

The judgment is reversed.  The matter is remanded to the trial court with directions to vacate its order dismissing Great American and Santa Clara Valley Transportation's cross-complaint and restoring both that cross-complaint and Mid Century's complaint against Santa Clara Valley Transportation to the active civil calendar.  Great American and Santa Clara Valley Transportation shall recover their costs on appeal.

_____
                    Premo, J.

I CONCUR:

_____
         Elia, J.

Santa Clara Valley Transportation Authority et al. v. Valley Recycling
H041514

RUSHING, P.J., Concurring

I concur in the judgment, but I cannot join in the majority opinion because, in my view, a judgment of the small claims court can never have collateral estoppel effect.

The plaintiff in a small claims case has no right to appeal from an adverse judgment. (Code Civ. Proc., § 116.710, subd. (a).) That fact alone precludes giving collateral estoppel effect to such a judgment. As stated in section 28(1) of the Second Restatement of Judgments, a judgment cannot be given collateral estoppel effect if "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action." This rule is good law in California. (See, e.g., *Anderson-Cottonwood Disposal Service v. Workers' Comp. Appeals Bd.* (1982) 135 Cal.App.3d 326, 332 [withholding collateral estoppel effect against party who had prevailed in the earlier action and therefore had no right to appeal it]; *Zevnik v. Superior Court* (2008) 159 Cal.App.4th 76, 85 [withholding collateral estoppel as to one trial court ruling in prior proceeding, where ensuing judgment was affirmed solely on another ground].) Therefore no small claims judgment can support collateral estoppel.

Small claims judgments are also unworthy of preclusive effect because of the streamlined procedures by which they are obtained. As stated in section 28(3) of the Restatement, a judgment will not have preclusive effect where "[a] new determination of the issue is warranted by differences in the *quality or extensiveness of the procedures followed in the two courts . . . .*" (Rest.2d, Judgments, § 28(3), italics added; see *id.*, com. d, illus. 7 [applying rule to small claims judgments].) This rule is also good law in California; in fact the Restatement cites two California cases in support of it. (Rest.2d, Judgments, § 28, reporter's note, citing *Vella v. Hudgins* (1977) 20 Cal.3d 251, and *Sanderson v. Niemann* (1941) 17 Cal.2d 563 (*Sanderson*).)

The *Sanderson* case is squarely on point. The only meaningful distinction between that case and this one is that the record there showed *more* about the small claims case than the record here does: "[T]he record of the proceedings which were had in the small claims court was introduced in evidence, and in that connection *testimony was given by plaintiff and by the judge* who presided at the hearing of the former action."

(*Sanderson*, *supra*, 7 Cal.2d at p. 566, italics added.)  The Supreme Court still refused to give preclusive effect to the small claims judgment, noting the many ways in which the procedures were inferior to those applicable to larger claims.  (*Id.* at pp. 573-574.)

Sanderson remains good law.  The Supreme Court cited it approvingly in  *Perez v. City of San Bruno* (1980) 27 Cal.3d 875, 884-885, but distinguished it on the ground that the party to be estopped in *Perez* was the *defendant* in the small claims case and had actually *taken an appeal*, followed by a *trial de novo*.  The court noted that the trial had all of the procedural protections of any civil trial, except that no findings and conclusions were required.  Later, when procedures were again altered to make a small claims appeal "virtually indistinguishable" from an original small claims proceeding, the First District held that *Perez* no longer governed and the judgment lacked preclusive effect under *Sanderson*.  (*Rosse v. DeSoto Cab Co.* (1995) 34 Cal.App.4th 1047, 1052-1053.)

The *Pitzen* decision, which reaches the opposite conclusion, is clearly unsound. (*Pitzen v. Superior Court* (2004) 120 Cal.App.4th 1374.)  Another division of the same court later concluded—correctly in my view—that *Pitzen* was "wrongly decided." (*Sanders v. Walsh* (2013) 219 Cal.App.4th 855, 865 (*Sanders*).)

The *Sanders* court noted that in addition to the factors identified in *Sanderson*, "the necessarily small amount of money in controversy will often counsel against devoting significant resources to litigating a particular issue in small claims court. Subsequent litigation involving wholly separate causes of action may, and in this case did, involve significantly larger stakes justifying more vigorous litigation." (*Sanders, supra*, 219 Cal.App.4th at p. 868.)  This consideration is also noted in the Restatement, which withholds preclusive effect where "[t]here is a clear and convincing need for a new determination of the issue . . .  (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity *or incentive* to obtain a full and fair adjudication in the initial action." (Rest.2d, Judgments, § 28(5), italics added.)

As the *Sanders* court correctly observed, *Pitzen* misconstrued *Sanderson* as resting on the inadequacy of the record, when in fact it rested on "the overall informality of small

2

claims hearings." (*Sanders*, *supra*, 219 Cal.App.4th at p. 868.)  The *Pitzen* court also attempted to distinguish all of the prior cases on the ground that they involved small claims *defendants* rather than a small claims plaintiff.  The court said it could "perceive of [*sic*] no rationale for refusing to afford collateral estoppel effect to claims litigated and decided *against* a small claims plaintiff." (*Pitzen v. Superior Court, supra,* 120 Cal.App.4th at p. 1386.)  I can conceive of at least five rationales:  (1) the inadequacy of small claims procedures; (2) the unavailability of appellate review; (3) the lack of an incentive to litigate the issues thoroughly; (4) the deterrent effect on small claims plaintiffs of attaching such grave consequences to their use of that forum; and (5) the imposition of what amounts to a forfeiture on such plaintiffs, which smacks of "gotcha" jurisprudence.

For these reasons I cannot join in the majority's endorsement of *Pitzen* or its conclusion that the smalls claim judgment here could have sustained a claim of collateral estoppel on a more complete record.  In all other respects I concur.


_____
RUSHING, P.J.


*Santa Clara Valley Transportation Authority et al. v. Valley Recycling*
**H041514**

3