[No. A065749. First Dist., Div. Two. May 4, 1995.]

WILLIAM ROSSE, Cross-complainant and Respondent, v. DeSOTO CAB COMPANY, Cross-defendant and Appellant.

1048

## COUNSEL

Brekhus, Williams, Wester & Hall and Matthew D. Brekhus for Cross-defendant and Appellant.

Stenberg, Sunseri, Roe & Pickard and Christopher G. Rudy for Cross-complainant and Respondent.

## OPINION

### KLINE, P. J.—

#### Introduction

DeSoto Cab Company appeals from a judgment of the San Francisco Superior Court in favor of respondent William Rosse following the grant of summary judgment in his favor on the parties' respective cross-complaints for equitable and comparative indemnity. The trial court concluded the issues raised by the cross-complaints had been fully litigated and adjudicated in favor of respondent in a trial de novo of a small claims action involving the same parties and, therefore, that appellant was collaterally estopped from relitigating them. Appellant contends the record fails to satisfactorily establish that the identical issues were necessarily decided in the prior action. Appellant further argues the trial court abused its discretion in applying collateral estoppel to this case.

Because we determine the doctrine of collateral estoppel has no application to small claims judgments, we shall reverse the judgment.

#### Statement Of Facts/Statement Of The Case

The underlying action arose out of a December 7, 1991, auto accident at the intersection of Taylor and California Streets in San Francisco, California. Respondent collided with a DeSoto cab driven by its employee, Reno Bassi, in which Allison Craig-Casey and Linda Wysocki were passengers.

Respondent brought an action against appellant and Bassi in small claims court (Code Civ. Proc., §§ 116.110-116.950) to recover damages relating to the repair of his vehicle. On April 16, 1992, judgment was entered in favor of respondent in the amount of $1,297.99, plus costs. Appellant appealed the judgment to superior court pursuant to Code of Civil Procedure section 116.710, subdivision (b).[1] The trial de novo was held on October 14, 1992. Respondent again prevailed against appellant for property damage to his vehicle and this time was awarded damages in the sum of $1,897.99, plus costs. On November 20, 1992, appellant paid the judgment. It does not appear that appellant filed a cross-complaint or counterclaim alleging comparative negligence in either the original or the de novo proceeding.

---

[1]All statutory references are to the Code of Civil Procedure, unless otherwise stated.

Subsequently, the passengers in the cab at the time of the accident commenced superior court actions against respondent and appellant. In both actions, which were eventually consolidated, respondent and appellant cross-complained for equitable and comparative indemnity. Respondent then moved for summary judgment in his favor on both cross-complaints on the ground that appellant was collaterally estopped from relitigating the issues raised in the cross-complaints by virtue of the prior small claims judgment.

The court granted summary judgment, agreeing that the issue of respondent's negligence had been fully litigated in the small claims proceeding heard de novo in the superior court. Appellant's motion for reconsideration was denied. Judgment was entered on April 8, 1994. This timely appeal followed.

## DISCUSSION

### Standard of Review

■ We review the trial court's ruling on respondent's motion for summary judgment under the independent review standard. An appellate court must independently determine the construction and effect of the facts presented to the trial judge as a matter of law. (*See Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1083 [258 Cal.Rptr. 721]; *Bonus-Built, Inc.* v. *United Grocers, Ltd.* (1982) 136 Cal.App.3d 429, 442 [186 Cal.Rptr. 357].) Though there are a few cases suggesting that the abuse of discretion standard is applicable (*see Domingue* v. *Presley of Southern California* (1988) 197 Cal.App.3d 1060, 1063 [243 Cal.Rptr. 312]; *Perry* v. *Medina* (1987) 192 Cal.App.3d 603, 606 [237 Cal.Rptr. 532]), the more recent and we think better reasoned cases repudiate that view. (*See Saldana* v. *Globe-Weis Systems Co.* (1991) 233 Cal.App.3d 1505, 1511-1515 [285 Cal.Rptr. 385]; *Sosinsky* v. *Grant* (1992) 6 Cal.App.4th 1548, 1555 [8 Cal.Rptr.2d 552]; Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 1994) ¶ 8:167, p. 8-64.) The determination of the trial court was not primarily factual. If it erred, its error is one of law, not of discretion.

### Collateral Estoppel

■ Appellant contends summary judgment was granted erroneously because respondent failed to establish that the issue of respondent's comparative negligence was litigated and adjudicated in the prior action. Appellant argues it therefore should not be collaterally estopped from raising that issue in its cross-complaints in the underlying action. We believe collateral estoppel does not apply to small claims judgments, even those of the superior court, but for a more fundamental reason than that urged by appellant.

 Collateral estoppel or, as it is sometimes known, issue preclusion, bars relitigation of an issue if it was necessarily decided at a previous proceeding, which resulted in a final judgment on the merits, and the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior proceeding. (*Mueller* v. *J.C. Penney Co.* (1985) 173 Cal.App.3d 713, 718-719 [219 Cal.Rptr. 272].) The question whether small claims judgments may be given collateral estoppel effect has been addressed by our Supreme Court in two principal cases.

In *Sanderson* v. *Niemann* (1941) 17 Cal.2d 563 [110 P.2d 1025], the plaintiff and her husband instituted a small claims action against the defendant and were awarded damages for injuries sustained in an automobile accident. Thereafter plaintiff commenced a superior court action against the same defendant, seeking damages for injuries sustained in the same accident. The plaintiff claimed, as does respondent here, that the issues of negligence and contributory negligence were conclusively determined in the former action in small claims court and therefore could not be raised in the superior court. The Supreme Court rejected this argument. Acknowledging that the doctrine of collateral estoppel has been applied to inferior courts, such as justices' and municipal tribunals, the court emphasized that "a small claims court is not a typical inferior court" (*id.*, at p. 575) due to "its peculiarly informal character." (*Id.*, at p. 574.)

As *Sanderson* explains, the small claims court "was established in order to offer a means of obtaining speedy settlement of claims of small amounts. The theory behind its organization is that only by escaping from the complexity and delay of the normal course of litigation could anything be gained in a legal proceeding which may involve a small sum. Consequently, the small claims court functions informally and expeditiously. The chief characteristics of its proceedings are that there are no attorneys, no pleadings and no legal rules of evidence; there are no juries, and no formal findings are made on the issues presented. At the hearings the presentation of evidence may be sharply curtailed, and the proceedings are often terminated in a short space of time. The awards—although made in accordance with substantive law—are often based on the application of common sense; and the spirit of compromise and conciliation attends the proceedings." (17 Cal.2d at p. 573.)

Considering these informalities, the Supreme Court reasonably assumed "that in an action [in small claims court] arising out of an automobile collision, such as the case here involved, the technical aspects of proximate cause, contributory negligence, imputed negligence and the doctrine of last clear chance, of necessity have not been fully presented or considered." (17 Cal.2d at p. 574.) Accordingly, the court concluded that the prior judgment

which was rendered in the small claims court "cannot be said to be determinative of the issues of negligence and contributory negligence here involved." (*Id.*, at p. 575.)

Nearly 40 years after *Sanderson* the Supreme Court decided *Perez* v. *City of San Bruno* (1980) 27 Cal.3d 875 [168 Cal.Rptr. 114, 616 P.2d 1287]. In *Perez,* the court drew a distinction between original proceedings in the small claims court such as those discussed in *Sanderson* and de novo proceedings in the superior court. The court held that the doctrine of collateral estoppel applies "when a losing defendant in a small claims action invokes his right of appeal to the superior court, and when that court, . . . conducts a trial de novo and enters judgment against such appealing defendant." (*Id.*, at p. 885.) Finding the rationale of *Sanderson* inapplicable because of the greater formality of de novo hearings in the superior court, the *Perez* court cited former rule 155 of the California Rules of Court, which provided that such de novo proceedings must be " 'conducted pursuant to law and rules in all respects as other trials in the superior court except that no written findings of fact or conclusions of law shall be required.' " (*Ibid.*)

California Rules of Court, rule 155 was repealed as of July 1, 1991, however, after the Legislature amended the Small Claims Act by providing that the de novo hearing on an appeal to the superior court "shall be conducted informally." (§ 116.770, subd. (b).) Except for the fact that attorneys may participate (§ 116.770, subd. (c)), de novo hearings are now virtually indistinguishable from original proceedings in the small claims court. Pretrial discovery is not permitted, there is no right to a jury, and no tentative decision or statement of decision is required. (§ 116.770, subd. (b).) Indeed, the informal procedures prescribed in the act with respect to hearings in the small claims court (§ 116.510 et seq.) are now specifically made applicable "in hearings on appeal in the superior court, except that attorneys may participate." (§ 116.770, subd. (c); *Houghtaling* v. *Superior Court* (1993) 17 Cal.App.4th 1128, 1139 [21 Cal.Rptr.2d 855].) Additionally, because the judgment of a superior court in a de novo small claims proceedings "is final and not appealable" (§ 116.780, subd. (a)), there is no reason to transcribe the proceedings and this ordinarily is not done. For this reason, and because even the superior court provides no statement of decision in a small claims matter (§ 116.770, subd. (b)), it will ordinarily be impossible to reliably determine whether particular issues were actually litigated and decided, as must be established in order to accord a prior judgment collateral estoppel effect.

As the premise of *Perez* has been undermined, its holding is no longer sound. The rationale of *Sanderson* is now as pertinent to de novo as to original proceedings.

For the foregoing reasons, we hold that collateral estoppel effect may not be accorded the judgment of a small claims court or a superior court in an action arising under the Small Claims Act. Accordingly, the judgment is reversed.

Smith, J., and Haerle, J., concurred.