[No. D043592. Fourth Dist., Div. One. July 28, 2004.]

GREGORY PITZEN, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
RICH GARCIA, Real Party in Interest.

**COUNSEL**

Law Office of Richard K. Dwyer and Ellen Jean Dowd for Petitioner.

No appearance for Respondent.

Pollak, Vida & Fisher, Matthew H. Fisher, Michael Meir Pollak; Law Office of Lionel Souvenir and Todd Griffin Glanz for Real Party in Interest.

**OPINION**

**AARON, J.—**

## I.

### INTRODUCTION

This case requires us to consider whether a plaintiff in a small claims court action may relitigate, in a subsequent related action, an issue litigated and expressly decided against him in the small claims action. We conclude that such relitigation is precluded where the record is sufficiently clear as to the issue actually litigated and decided in the small claims court.

## II.

### FACTS AND PROCEDURAL BACKGROUND

In April 2002 real party in interest Rich Garcia was driving a car in which Brian O'Dea was a passenger. Garcia got into an accident with another car driven by petitioner Gregory Pitzen. Garcia and O'Dea each separately sued Pitzen in small claims court, both claiming that Pitzen caused the accident. The cases were consolidated. In February 2003 the small claims court issued a memorandum of decision stating that Garcia and O'Dea had failed to meet their burden of proving that Pitzen caused the accident. The small claims court entered judgment in favor of Pitzen in both Garcia's and O'Dea's actions.

In April 2003 O'Dea filed this action against Pitzen and Garcia, based on the same accident that was the subject of the small claims action. In August 2003 Garcia filed a cross-complaint against Pitzen for apportionment of negligence, partial indemnity, and property damage. Garcia alleged in his cross-complaint that Pitzen caused the accident referred to in O'Dea's complaint. O'Dea dismissed his complaint against Pitzen, leaving only O'Dea's complaint against Garcia and Garcia's cross-complaint against Pitzen.

Pitzen filed a demurrer to Garcia's cross-complaint, contending that Garcia's claims were barred by the judgment in the small claims action. Pitzen also requested that the court take judicial notice of several documents from the small claims action. Specifically, he requested that the court take judicial notice of Garcia's and O'Dea's claim forms, the memorandum of decision,

and the notices of entry of judgment. Garcia opposed the demurrer. After a hearing, the trial court granted Pitzen's request for judicial notice of the documents in the small claims actions, but overruled his demurrer.[1]

Pitzen petitioned this court for a writ of mandate, requesting that we order the trial court to vacate its order overruling his demurrer and enter a new order sustaining Pitzen's demurrer without leave to amend. We issued an order to show cause why the relief requested should not be granted, and stayed further proceedings in the trial court.

## III.

## DISCUSSION

Pitzen claims the trial court improperly overruled his demurrer because Garcia's cross-complaint is barred by the judgment in the small claims action. This issue raises a pure question of law, which is reviewable by writ of mandate. (*Washington Mutual Bank v. Superior Court* (2002) 95 Cal.App.4th 606, 612 [115 Cal.Rptr.2d 765] ["[a] pure legal issue . . . is properly handled by demurrer, and its denial is properly reviewed by petition for writ of mandate"].) We exercise our "independent appellate review" in reviewing the claim. (*Ibid.*)

### A. *A Plaintiff Who Chooses to Proceed in Small Claims Court Is Finally Bound by an Adverse Judgment in that Court*

■ Generally, a plaintiff with a claim under $5,000 may choose to bring his action in small claims court rather than superior court. (Code of Civil Proc.,[2] §§ 116.220, subd. (a), 116.320, subd. (a).) A plaintiff who elects to proceed in small claims court may not appeal a judgment entered against him. (§ 116.710, subd. (a).) A small claims defendant has no right to remove the action to superior court. However, a small claims defendant may appeal to the superior court a small claims judgment entered against him. (§ 116.710, subd. (b).)

---

[1] The trial court did not specifically rule on Pitzen's request that O'Dea's claim form be judicially noticed. However, the court stated that the records it was judicially noticing "show that in a Small Claims Action based on an automobile accident, plaintiffs Brian O'Dea and Rich Garcia sued Gregory Pitzen. The Memorandum of Decision found that 'plaintiffs have failed to meet their burden of proving that defendant was the cause of [the] accident.' Judgment was entered in Gregory Pitzen's favor."

[2] Unless otherwise specified, all subsequent statutory references are to the Code of Civil Procedure.

In *Cook v. Superior Court* (1969) 274 Cal.App.2d 675, 676 [79 Cal.Rptr. 285] (*Cook*), the Court of Appeal considered whether the superior court had jurisdiction, in an appeal from a small claims judgment, to award damages against a codefendant who had prevailed in small claims court. The plaintiff in *Cook* sued two defendants, Schiveley and Cook, in small claims court. (*Ibid.*) The small claims court entered a judgment that plaintiff take $225 from Schiveley and nothing from Cook. Schiveley appealed to the superior court. The superior court ordered that plaintiff take nothing from Schiveley and $200 from Cook. Cook sought a petition of certiorari in the Court of Appeal. (*Ibid.*) The *Cook* court concluded that because the plaintiff could not have appealed that portion of the small claims judgment favorable to Cook, the superior court was without jurisdiction to enter an award against Cook in Schiveley's appeal. (*Id.* at p. 679.) The Court of Appeal annulled the portion of the superior court judgment against Cook. (*Ibid.*)

The *Cook* court's decision was premised on the "clear policy" embodied in the small claims statutory scheme "that a plaintiff electing to proceed in a small claims court is to be *finally* bound by an adverse judgment." (*Cook, supra,* 274 Cal.App.2d at p. 678.) The court reasoned, "A small claims court plaintiff, taking advantage of the speedy, inexpensive procedures and other benefits of that court, accepts all of its attending disadvantages such as the denial of the right to an attorney or to an appeal." (*Id.* at pp. 677–678.)

In *Superior Wheeler Cake Corp. v. Superior Court* (1928) 203 Cal. 384, 387 [264 P. 488] (*Superior Wheeler Cake Corp.*), the Supreme Court rejected a small claims plaintiff's contention that it was unconstitutional to allow defendants, but not plaintiffs, the right to appeal adverse small claims judgments. In reaching its conclusion that allowing only defendants in small claims cases the right to appeal was not unconstitutional, the court stressed that such differing rights of appeal were nondiscriminatory in light of the fact that while a plaintiff could choose whether to sue in small claims court, a small claims defendant has no choice of forum: "Thus it will be seen that a quick and inexpensive method of trial and judgment is provided largely in the interest of complaining plaintiffs; that the right of jury trial is denied the defendant in such cases and service by mail upon him is deemed sufficient without actual personal notice. These and perhaps other things are present showing the advantage plaintiff may have or may think he has over the defendant by resorting to this special remedy. The plaintiff, in other words, comes under the yoke of this system voluntarily, but the defendant comes thereunder only by the strong arm of the law. The parties, therefore, do not enter the forum upon equal terms. If the plaintiff does not feel that he will be benefited by the procedure, he has the alternative of entering the regular jurisdiction of the justice's court, where the right of appeal is equal and

reciprocal. Having this unmistakable choice in the premises, we fail to find discrimination within the meaning of any of said constitutional provisions. The advantage voluntarily accepted must be held a complete compensation for the loss of the right of appeal." (*Ibid.*)

■ The policy precluding review of small claims judgments against plaintiffs is so strong that a small claims plaintiff cannot obtain appellate review even where he can demonstrate the small claims court clearly erred as a matter of law. In *Parada v. Small Claims Court* (1977) 70 Cal.App.3d 766, 768 [139 Cal.Rptr. 87] (*Parada*), an automobile repair shop owner brought a small claims action against a customer who had stopped payment on a check for repairs made to the customer's car. The small claims court ruled that Parada could not recover for the repairs because he did not have written authorization for the work, which, the court held, was required by statute. (*Ibid.*) Parada petitioned for a writ of mandate in the superior court. The superior court denied Parada relief for essentially the same reason as had the small claims court. (*Ibid.*) Parada appealed to the Court of Appeal.

Despite concluding that "[n]othing in the statute . . . requires that the customer give his *consent or authorization in writing*," the Court of Appeal held that Parada was not entitled to reversal because he was bound by the final and adverse judgment of the small claims court. (*Parada, supra,* 70 Cal.App.3d at p. 769.) The court reasoned that Parada, as a plaintiff in a small claims matter, had voluntarily sought his remedy in a forum that did not provide for appellate review. Therefore, Parada was bound by that court's final, albeit erroneous, ruling:

"Both the small claims court and the superior court were in error in the basis upon which relief was denied to Parada. That, however, does not resolve the matter.

"Code of Civil Procedure section 117j [current section 116.710, subdivision (a)], provided at the applicable time that a plaintiff in a small claims action may not appeal from an adverse judgment. . . . Inherent in this scheme is, as is the case herein, the possibility of an occasional error of law that will be uncorrectable.

"Thus a plaintiff who elects to proceed in the small claims court is finally bound by an adverse judgment. This means that the lack of the right of appeal cannot then be relied upon as a basis for a petition for an extraordinary writ which is designed to seek appellate review of an adverse judgment. Such a procedure would emasculate the prohibition against appeals by plaintiffs from judgments rendered by a small claims court." (*Parada, supra,* 70 Cal.App.3d at p. 769.)

## B. *The Res Judicata and Collateral Estoppel Effect of Small Claims Judgments*

In *Brinton v. Bankers Pension Services, Inc.* (1999) 76 Cal.App.4th 550, 556 [90 Cal.Rptr.2d 469], the Court of Appeal outlined the purpose and elements of the doctrine of res judicata: "The doctrine of res judicata precludes the relitigation of certain matters which have been resolved in a prior proceeding under certain circumstances. [Citation.] Its purpose is 'to preserve the integrity of the judicial system, promote judicial economy, and protect litigants from harassment by vexatious litigation.' [Citations.] [¶] The doctrine has two aspects. It applies to both a previously litigated cause of action, referred to as claim preclusion, and to an issue necessarily decided in a prior action, referred to as issue preclusion. [Citations.] The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. [Citations.]"

It is well established that the claim preclusion aspect of the doctrine of res judicata applies to small claims judgments. In *Allstate Ins. Co. v. Mel Rapton, Inc.* (2000) 77 Cal.App.4th 901, 905 [92 Cal.Rptr.2d 151] (*Allstate Ins.*), a fire started in Katie Gallagher's Honda Accord, destroying the interior of the car and its contents. Gallagher had purchased the car from Mel Rapton, Inc., doing business as Mel Rapton Honda (Mel Rapton). Gallagher had an automobile insurance policy issued by Allstate Insurance Company (Allstate). After examining the car, Allstate concluded that the fire started in the cigarette lighter. Mel Rapton had repaired the lighter shortly before the fire. (*Ibid.*)

Allstate determined that the car was a total loss, and paid Gallagher $14,568.93. Allstate informed Mel Rapton and its insurer, Farmers Insurance Group (Farmers), that it had determined that Mel Rapton was responsible for the loss, and that Gallagher had subrogated to Allstate her claim against Mel Rapton. Allstate demanded that Farmers reimburse Allstate the amount it had paid to Gallagher. (*Allstate Ins., supra,* 77 Cal.App.4th at p. 905.)

Gallagher later brought a small claims action against Mel Rapton, seeking reimbursement for losses not covered by her Allstate insurance policy. The small claims court entered judgment in Gallagher's favor in the amount of $386. More than a year later, Allstate filed a complaint in subrogation against

Mel Rapton and American Honda Corporation, alleging that the cigarette lighter in Gallagher's car had been negligently serviced by Mel Rapton or negligently designed by American Honda Corporation. Mel Rapton moved for summary judgment on the ground that Allstate's action was barred by principles of res judicata and the rule against splitting causes of action. Specifically, Mel Rapton maintained that because Allstate's claim derived solely from the subrogation of Gallagher's rights against Mel Rapton, Gallagher's prior small claims action against Mel Rapton for property damage barred Allstate from suing Mel Rapton for damages arising from the same incident. Mel Rapton also argued that Allstate's complaint constituted an improper attempt to split the cause of action into two proceedings. (*Allstate Ins., supra,* 77 Cal.App.4th at pp. 905–906.)

The Court of Appeal agreed that the judgment entered in Gallagher's small claims action precluded Allstate's subsequent action, which arose from the same fire. The court stated: " 'It is elementary that "[t]he doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving the same controversy. It seeks to curtail multiple litigation causing vexation and expense to the parties and wasted effort and expense in judicial administration." ' [Citations.] Generally speaking, a valid final judgment in favor of a plaintiff merges any claim of the same cause of action in the judgment, and precludes the plaintiff from maintaining any later suit on the same cause of action. [Citation.] *This aspect of res judicata applies to judgments rendered by the small claims court.* [Citations.]" (*Allstate Ins., supra,* 77 Cal.App.4th at p. 907, italics added.)

However, in *Sanderson v. Niemann* (1941) 17 Cal.2d 563, 571 [110 P.2d 1025] (*Sanderson*), the Supreme Court held that the issue preclusion, or collateral estoppel, effect of res judicata does not apply to small claims judgments. (*Id.* at pp. 573–574.) In *Sanderson,* the plaintiff and her husband, Hazel and Job Sanderson, brought a small claims action against the defendant, Niemann, seeking damages stemming from an automobile accident. The Sandersons were awarded $12.58 in damages by the small claims court. Hazel Sanderson subsequently filed a superior court action against Niemann in which she sought damages for personal injuries sustained in the same accident. (*Id.* at p. 565.) In the superior court, Hazel Sanderson claimed that the issues of negligence and contributory negligence had been conclusively determined in her favor in small claims court action. The Supreme Court rejected Sanderson's attempt to have the court afford collateral estoppel effect to the small claims judgment. (*Id.* at p. 573.)

The *Sanderson* court reasoned that because of the informality of proceedings in small claims court, small claims judgments should not be accorded collateral estoppel effect.

"It is apparent that [the small claims] court was established in order to offer a means of obtaining speedy settlement of claims of small amounts. The theory behind its organization is that only by escaping from the complexity and delay of the normal course of litigation could anything be gained in a legal proceeding which may involve a small sum. Consequently, the small claims court functions informally and expeditiously. The chief characteristics of its proceedings are that there are no attorneys, no pleadings and no legal rules of evidence; there are no juries, and no formal findings are made on the issues presented. At the hearings the presentation of evidence may be sharply curtailed, and the proceedings are often terminated in a short space of time. The awards—although made in accordance with substantive law—are often based on the application of common sense; and the spirit of compromise and conciliation attends the proceedings. [Citations.] [¶] . . . [¶]

"The foregoing characteristics are of the utmost significance in disclosing sound theoretical grounds for refusing to apply the second aspect of the doctrine of *res judicata* to judgments of small claims courts. And we may reasonably assume that in an action arising out of an automobile collision, such as the case here involved, the technical aspects of proximate cause, contributory negligence, imputed negligence and the doctrine of last clear chance, of necessity have not been fully presented or considered." (*Sanderson, supra,* 17 Cal.2d at pp. 573–574.)

In *Perez v. City of San Bruno* (1980) 27 Cal.3d 875, 885 [168 Cal.Rptr. 114, 616 P.2d 1287] (*Perez*), the Supreme Court revisited *Sanderson* and held that a superior court judgment issued in an appeal from a small claims judgment may be accorded collateral estoppel effect. The *Perez* court reaffirmed that the rationale underlying the *Sanderson* court's creation of an exception to the usual application of the doctrine of collateral estoppel was the informality ordinarily present in small claims proceedings. (*Perez, supra,* at p. 884.)

In *Perez*, the plaintiff brought an action against the City of San Bruno for damages associated with the city's discontinuation of her water service. The city claimed the action was barred by collateral estoppel since the city had previously brought two small claims actions against Perez and had obtained two judgments against her, one of which was affirmed on Perez's appeal to the superior court. (*Perez, supra,* 27 Cal.3d at pp. 881–882.)

The *Perez* court concluded, "[C]ertain issues sought to be raised in the instant proceeding—namely those relating to the defendant city's power to require all residents to subscribe to and make payments assessed by its garbage disposal service whether or not they make actual use of that service—must be deemed presently foreclosed to [Perez]." (*Perez, supra,* 27 Cal.3d at p. 883.) In support of its conclusion, the *Perez* court noted, "Included in the record before us is the judgment and memorandum of decision of the small claims court in this action; the court therein expressly addresses the issues here in question . . . ." (*Ibid.*) The *Perez* court applied the *Sanderson* court's observation that in proceedings where "issues can be framed and decided . . . [they] may be given conclusive effect in a subsequent suit based on a different cause of action." (*Perez,* at p. 884, quoting *Sanderson, supra,* 17 Cal.2d at p. 575.) The *Perez* court also distinguished *Sanderson* by noting that as the losing defendant in the small claims proceeding, Perez had exercised her right to appeal the small claims judgment to the superior court. Once in superior court, Perez received all of the formalities of a normal trial. The *Perez* court reasoned, "In view of these considerations, we think it must be concluded that when a losing defendant in a small claims action invokes his right of appeal to the superior court, and when that court . . . conducts a trial de novo and enters judgment against such appealing defendant, the considerations set forth in our *Sanderson* opinion are not applicable." (*Perez, supra,* 27 Cal.3d at p. 885.)

Finally, in *Rosse v. DeSoto Cab Co.* (1995) 34 Cal.App.4th 1047, 1052 [40 Cal.Rptr.2d 680] (*Rosse*), the Court of Appeal reconsidered whether to afford collateral estoppel effect to a superior court judgment in an appeal from a small claims judgment in light of changes to the statute governing such appeals that were enacted after *Perez* was decided. The *Rosse* court noted that in view of the statutory changes, the trial de novo proceedings in superior court on appeal from a small claims judgment "are now virtually indistinguishable from original proceedings in the small claims court." (*Rosse, supra,* 34 Cal.App.4th at p. 1052.) Therefore, the *Rosse* court concluded: "As the premise of *Perez* has been undermined, its holding is no longer sound. The rationale of *Sanderson* is now as pertinent to de novo as to original proceedings." (*Rosse,* at p. 1052.)

These cases suggest that a primary factor in determining whether to give collateral estoppel effect to a prior final judgment is whether the record in the former proceeding adequately reflects the issues actually litigated and decided in that proceeding. For example, in refusing to afford collateral estoppel effect to a small claims judgment, the *Sanderson* court noted that in small claims proceedings, "no formal findings are made on the issues presented." (*Sanderson, supra,* 17 Cal.2d at p. 573, 110 P.2d 1025.) Similarly, the court in *Rosse* refused to give collateral estoppel effect to a judgment of the superior court after an appeal of a small claims judgment because the

record in such appeals will "ordinarily" fail to reflect the issues litigated and decided. (*Rosse, supra,* 34 Cal.App.4th at p. 1052.) In contrast, the *Perez* court *did* give collateral estoppel effect to a superior court judgment after an appeal of a small claims judgment, noting that the record in that case reflected the issues litigated and decided in the small claims court. (*Perez, supra,* 27 Cal.3d at p. 883.) Thus, although the broad language of these decisions suggests that small claims judgments may not be afforded collateral estoppel effect, the basis for this exception to the usual application of collateral estoppel is attenuated where the record is adequate to reliably determine which issues were litigated and decided in the small claims action. (*Rosse, supra,* 34 Cal.App.4th at p. 1052.)

There is also a second, more fundamental reason to limit the scope of the *Sanderson* exception. *Sanderson* and its progeny all involved a claim that collateral estoppel applied against a small claims *defendant* who had lost in the small claims court. (*Sanderson, supra,* 17 Cal.2d at p. 565; *Perez, supra,* 27 Cal.3d at pp. 881–882; *Rosse, supra,* 34 Cal.App.4th at p. 1050.) In such a situation, the *Sanderson* exception to the usual application of collateral estoppel prevents the unfairness inherent in a plaintiff being allowed to force a defendant into small claims court, obtain a favorable determination on an issue, and then preclude the defendant from relitigating the issue in a subsequent action in superior court, where the potential damages may be much greater. For example, in *Sanderson,* the plaintiff obtained a judgment in small claims court for $12.58 stemming from an automobile accident. (*Sanderson, supra,* 17 Cal.2d at p. 565.) The plaintiff then sought to use the favorable determination of the defendant's negligence from the small claims proceeding in a subsequent action in the superior court for personal injuries. (*Ibid.*) The *Sanderson* court held that the defendant could relitigate the issues of his negligence and the plaintiff's contributory negligence in the superior court action. (*Id.* at p. 573.)

■ However, we are aware of *no* case in which the exception created in *Sanderson, supra,* 17 Cal.2d 563, to the usual application of collateral estoppel has been applied to allow a small claims plaintiff to relitigate an issue decided *against* him in small claims court. This dearth of authority in the more than 60 years since *Sanderson* was decided exists for good reason. " '[C]ollateral estoppel is an equitable concept based on fundamental principles of fairness.' " (*White Motor Corp. v. Teresinski* (1989) 214 Cal.App.3d 754, 763 [263 Cal.Rptr. 26], quoting *Sandoval v. Superior Court* (1983) 140 Cal.App.3d 932, 941 [190 Cal.Rptr. 29].) Its application is appropriate only when consistent with public policy. (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 829 [88 Cal.Rptr.2d 366, 982 P.2d 229].)

Both fundamental fairness and the public policy embodied in the small claims statutory scheme require that the *Sanderson* exception be limited to issues decided against small claims defendants. In the context of small claims actions, it is a "general principle that small claims proceedings [are to] be both speedy and final." (*ERA-Trotter Girouard Assoc. v. Superior Court* (1996) 50 Cal.App.4th 1851, 1856 [58 Cal.Rptr.2d 381].) However, small claims plaintiffs and defendants "do not enter the forum upon equal terms." (*Superior Wheeler Cake Corp., supra,* 203 Cal. at p. 387.) Only small claims *plaintiffs* affirmatively choose to litigate in small claims court (§ 116.320, subd. (a)); small claims defendants do not. In our view, applying the *Sanderson* exception to allow a plaintiff who lost in small claims court to resurrect his claim in a subsequent action, as in this case, and at the same time preclude the victorious small claims defendant from asserting collateral estoppel, would be fundamentally unfair.

In addition, refusing to accord collateral estoppel effect to issues decided against defendants is consistent with the policy of fostering "speedy and final" adjudication in small claims matters. (*ERA-Trotter Girouard Assoc. v. Superior Court, supra,* 50 Cal.App.4th at p. 1856.) A contrary rule would encourage small claims defendants to appeal small claims judgments entered against them, no matter how small, in order to guard against issue preclusion in a subsequent superior court action. However, no such concerns are applicable with regard to small claims *plaintiffs,* who have already chosen to forfeit their right to appellate review by bringing a small claims action. According collateral estoppel effect to issues decided in defendants' favor is also consistent with the public policy of fostering "speedy and final" resolutions in small claims actions. (*Ibid.*)

In summary, we can perceive of no rationale for refusing to afford collateral estoppel effect to claims litigated and decided *against* a small claims plaintiff. Fundamental fairness dictates that such a plaintiff, having chosen to litigate in an informal setting by bringing an action in small claims court, cannot cite the informality of that forum to gain a second chance to litigate a previously decided issue in a related matter. Allowing a small claims plaintiff to relitigate an issue already decided against him in the forum of his choice is inconsistent with the public policy that "a plaintiff electing to proceed in a small claims court is to be *finally* bound by an adverse judgment." (*Cook, supra,* 274 Cal.App.2d at p. 678.)

### C. *Garcia May Not Relitigate Whether Pitzen Was the Cause of the Accident*

In the claim form filed in his small claims action against Pitzen, Garcia stated: "[On] April 15, 2002, there was a two car accident. Brian O'Dea was a passenger in the car driven by Richard Garcia. Defendant Gregory Pitzen negligently operated his vehicle causing it to collide with plaintiff Garcia causing personal injuries to plaintiff Garcia."

The small claims court issued a memorandum of decision finding that Garcia had "failed to meet [his] burden of proving that [Pitzen] was the cause of the accident."

O'Dea's complaint against Garcia in this case alleges that on April 15, 2002, "Plaintiff was a passenger in a vehicle driven by Rich Garcia. Rich Garcia and Gregory Pitzen were involved in an automobile accident which caused personal damages to plaintiff." Garcia's cross-complaint against Pitzen in this action alleges that Pitzen "cause[d] the collision which is the subject of the Complaint of Plaintiff(s)."

The small claims record in this case contains a memorandum of decision that "expressly addresses the issue[]" of whether Pitzen caused the accident. (*Perez, supra,* 27 Cal.3d at p. 883.) Thus, the primary concern of the *Sanderson* line of cases, i.e., that because of the lack of formal procedures, it will not be possible to determine whether a particular issue was actually litigated and decided in the small claims court, does not exist in this case. Moreover, unlike *Sanderson* and its progeny, this case involves a *plaintiff* attempting to relitigate an issue that was decided *against* him in his chosen forum. Under these circumstances, we conclude that the concerns that led the *Sanderson* court to preclude the application of collateral estoppel to small claims judgments are inapposite.

The issue in the present action is the same issue that was necessarily litigated in the prior small claims proceeding—whether Pitzen caused the accident. The small claims proceeding resulted in a final judgment on the merits. Garcia was a party to the small claims proceeding against Pitzen, and this issue was determined adversely to Garcia. Thus, all of the prerequisite elements for applying the doctrine of collateral estoppel are present. (See *Brinton v. Bankers Pension Services, Inc., supra,* 76 Cal.App.4th at p. 556.)

We conclude that collateral estoppel precludes Garcia from relitigating whether Pitzen caused the accident, because the small claims record is sufficiently clear to enable us to determine that that issue was litigated and decided against Garcia in the small claims court.

## IV.

## CONCLUSION

Garcia's cross-complaint against Pitzen is barred by collateral estoppel because the small claims court found that Garcia failed to establish that Pitzen caused the accident.

## V.

## DISPOSITION

Let a writ of mandate issue ordering the superior court to: (1) vacate its order overruling Pitzen's demurrer to Garcia's cross-complaint and (2) enter a new order sustaining, without leave to amend, Pitzen's demurrer to Garcia's cross-complaint. The stay issued by this court on January 23, 2004, is vacated. Pitzen is entitled to costs in this writ proceeding.

Huffman, Acting P. J., and Nares, J., concurred.