**Wendall Stacy ELAM, Plaintiff— Appellant,**

v.

**KAISER FOUNDATION HEALTH PLAN INC.; OPEIU Local 29, Defendants—Appellees.**

No. 06–17097.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2009 *.

Filed Feb. 20, 2009.

Wendall Stacy Elam, Richmond, CA, for pro se.

Deborah J. Broyles, Esq., Thelen, Reid, Brown, Raysman & Steiner, LLP, Jacob Rukeyser, Christine Hwang, Esq., Leonard Carder, LLP, San Francsico, CA, for Defendants–Appellees.

Before: CANBY, GOULD and BYBEE, Circuit Judges.

MEMORANDUM **

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

The facts of this case are known to the parties and we do not repeat them here. Wendall Elam appeals pro se from the district court's grant of summary judgment to defendants Kaiser Foundation Health Plan, Inc. ("Kaiser") and OPEIU Local 29 ("Local 29") in his employment action challenging his discipline and subsequent termination for workplace harassment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Davis v. Yageo Corp.*, 481 F.3d 661, 673 (9th Cir.2007), and we affirm.

The district court correctly concluded that Elam's retaliation and defamation claims against Kaiser were barred by claim preclusion. *See Pitzen v. Super. Ct.*, 120 Cal.App.4th 1374, 16 Cal.Rptr.3d 628, 633, 637 (Cal.Ct.App.2004); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (affirming that a federal court must give a state-court judgment the same preclusive effect as would courts of that state). Because both Kaiser and Local 29 are private entities, the district court also correctly dismissed Elam's First Amendment claims. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Elam's remaining claims against Kaiser and Local 29 are meritless.

The district court properly denied Elam's motion for a declaratory judgment because Elam never properly noticed the motion as instructed by the district court's April 18, 2006 order.

We do not consider arguments raised for the first time in Elam's reply brief. *See*

*Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

**AFFIRMED.**