Filed 3/26/26  Raicevic v. L.A. Dept. of Water and Power CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| RADE RAICEVIC,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>LOS ANGELES DEPARTMENT OF WATER AND POWER (LADWP) et al.,<br><br>        Defendants and Respondents. | B342581<br><br>(Los Angeles County<br> Super. Ct. No. 24CHCV01448) |


APPEAL from a judgment of the Superior Court of Los Angeles County, David B. Gelfound, Judge.  Affirmed.

Rade Raicevic, in pro. per., for Plaintiff and Appellant.

Hydee Feldstein Soto, City Attorney, Denise C. Mills, Chief Deputy City Attorney, Kathleen A. Kenealy, Chief Assistant City Attorney, Shaun Dabby Jacobs, Assistant City Attorney, Brian Cheng, Deputy City Attorney, for Defendants and Respondents.

Plaintiff Rade Raicevic asserted a cause of action for general negligence against defendants Los Angeles Department of Water and Power (LADWP) and City of Los Angeles (the City). The superior court sustained defendants' demurrer without leave to amend and dismissed the case with prejudice. Plaintiff appeals. We affirm.

## BACKGROUND

### I. Claim for Damages

Plaintiff filed a claim for damages with the City on April 12, 2023. He alleged that "around [the] first week of March," he discovered a leak in the main water line on City property near his house. He further alleged that he spent $2,500 to repair the leak and an additional $300 on materials. He requested damages in the amount of $2,800.

The City acknowledged receipt of plaintiff's claim by letter dated April 20, 2023. By letter dated May 9, 2023, the City asked plaintiff to provide the exact date of the claimed loss. By letter dated May 15, 2023, plaintiff responded[1]: "Per my recollection, around March 2nd officer from LADWP came at home front door to inform me about main water line leaking on city property, and immediate action is required to stop further water waste. We are asking City Attorney Office to issue $2,800 reimbursement payment for leak repair." In that same letter, plaintiff requested a "37% reduction from current billing statement" for his water bill, as allegedly promised by an LADWP inspector.

---

[1]     This quotation and all others are rendered as they appear in the appellate record.

2

By letter dated September 11, 2023, LADWP rejected plaintiff's claim "for alleged Leak Adjustment, at or near [plaintiff's address], on or about March 2, 2023."

## II.    Small Claims Action

Plaintiff filed a small claims action against defendants on November 3, 2023.  In his first amended complaint filed January 19, 2024, plaintiff claimed defendants owed him $5,900.  He provided the following explanation for his claim: "1. DWP trush truck pick-up damage our main water line. We spent $2,800 for repair. 2. Incident happen on city property. 3. DWP billing statements overcharges incur over $3,100 in various billing cycle statements, up to date we been reimbursed $1,100, and we have $2,000 outstanding balance."

The small claims court heard the matter in a non-jury trial on March 19, 2024.  That same day, it entered judgment for defendants: "Defendants [LADWP and] City of Los Angeles do not owe the plaintiff Rade Raicevic any money on plaintiff's claim.  Defendants do not owe Plaintiff any money.  Plaintiff has not met his burden of proof in establishing that either Defendant is responsible for the harm claimed."

## III.    Current Action

On April 19, 2024, plaintiff filed the instant action against defendants in superior court.  In his single cause of action for general negligence, plaintiff alleged that defendants negligently damaged his property on "March 5, 2022."  He further alleged the following: "Defendant are required to pay to restore the damages proximately caused by the City Big Trucks during trash pick-up on weekly basis at [plaintiff's address].  Scope of work require repair and restoration of the structural damage related to main water line located on 'City Property.'  [¶] Damages for breach of

3

the implied covenant of fair dealing in good faith. [¶] Failing to promptly pay Plaintiff the necessary amounts required to be paid as the proximate result of his residential water loss for many weeks or perhaps months. [¶] Defendant to compensate Plaintiff for the repair / replacement / restoration of premises damages for Bad Faith – California Code Section 790.03 et seq."

Defendants filed a demurrer on July 15, 2024. They argued that plaintiff's claim was barred by res judicata because it had already been litigated in the small claims action[2]; defendants were immune from common law negligence claims without a statutory basis; plaintiff's allegations regarding bad faith and the implied covenant of fair dealing were ambiguous and unintelligible; and plaintiff's apparent effort to assert multiple claims within one cause of action constituted impermissible claim splitting. Defendants requested that the superior court take judicial notice of their status as public entities, the first amended complaint from the small claims action, and the judgment in the small claims action.

Plaintiff filed an opposition to the demurrer on August 12, 2024. He asserted that the demurrer was "based on misleading and misguided information of facts" related to the adjudication of the small claims action. Plaintiff asserted that defendants' "star witness" at the small claims trial gave "false and inaccurate" testimony that plaintiff did not provide invoices or photos in

---

[2]     Prior to filing the demurrer, defense counsel emailed plaintiff to clarify whether the complaint concerned the "same incident in which you brought against my client LADWP in the small claims case." Plaintiff responded that he had "to file with a higher court with real judge who will be able to make fair ruling base on merits of the case" rather than the "false and misleading presentation" made during the small claims trial.

4

support of his claim. Plaintiff asserted the false testimony was offered "in 'Bad Faith' by design to discredit Plaintiff case," and the small claims court improperly "rewarded" it by ruling in defendants' favor. Plaintiff asserted that the exhibits defendants filed in connection with their demurrer "will demonstrate that both representatives was not truthfull and they had been lying and misleading court with a strait face." Defendants' reply filed September 24, 2024 is not in the appellate record before this court.

The superior court heard the demurrer on October 3, 2024. No court reporter was present. Following the hearing, the superior court granted defendants' requests for judicial notice and sustained the demurrer without leave to amend on three grounds.

First, it concluded that plaintiff's cause of action was barred by the doctrine of res judicata or claim preclusion. It found that the claim raised in the instant action was "identical to those litigated in the small claims court," as both proceedings "concern the same alleged damage to Plaintiff's main water line, caused by Defendants' weekly trash pick-up truck in the first week of March 2023." It further found that the small claims action involved the same parties and resulted in a final judgment on the merits.

Second, the superior court concluded that plaintiff's complaint failed to sufficiently state a cause of action for negligence because it did not cite any specific statute imposing a duty of care on defendants. Third, the court concluded that plaintiff's claim for breach of the implied covenant of good faith and fair dealing was "ambiguous and unintelligible," and did not constitute a separate cause of action for res judicata purposes.

5

The court found that plaintiff's opposition to the demurrer consisted of "at most, factual declarations by Plaintiff" and "does not overcome" the demurrer. The court additionally found there was "no reasonable possibility" that plaintiff could cure the defects in the complaint by amendment, because his claim was legally barred. The court entered an order dismissing the complaint with prejudice on October 21, 2024.

Plaintiff timely filed a notice of appeal on November 15, 2024.

## DISCUSSION

### I. Standard of Review

"A demurrer tests the legal sufficiency of the factual allegations in a complaint." (*Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 725.) On appeal after a demurrer has been sustained, we review the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. (*Mathews v. Becera* (2019) 8 Cal.5th 756, 768.) We "'assume the truth of the complaint's properly pleaded or implied factual allegations'" (*Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1100), but we do not credit contentions, deductions, or conclusions of fact or law. (*Mathews v. Becera, supra*, 8 Cal.5th at p. 768.) We read the complaint as a whole and give it a reasonable interpretation. (*Ibid.*) We also consider matters that may be judicially noticed. (*Ibid.*)

We affirm "'if proper on any grounds stated in the demurrer, whether or not the court acted on that ground.'" (*Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 399 (*Hoffman*).) The appellant bears the burden of demonstrating the trial court erred in sustaining the demurrer. (*Id.* at pp. 399-400.)

6

When a demurrer is sustained without leave to amend, we also decide whether there is a reasonable probability the defect in the complaint can be cured by amendment. (*Hoffman*, *supra*, 179 Cal.App.4th at p. 400.) If so, it is generally an abuse of discretion to deny leave to amend. (*Id.* at pp. 400-401.) The appellant bears the burden of demonstrating the complaint can be cured by amendment. (*Id.* at p. 401.)

## II. Discussion

Plaintiff argues that LADWP presented false and misleading testimony during the small claims action. He contends that defendants' filings in the instant action exposed the fraud, and asserts he is "looking for answers" from the small claims court.[3] The superior court correctly concluded plaintiff's claim is barred by the doctrine of claim preclusion.

"The law of preclusion helps to ensure that a dispute resolved in one case is not relitigated in a later case." (*Samara v. Matar* (2018) 5 Cal.5th 322, 326.) "Claim preclusion," which was formerly called "res judicata," "prevents relitigation of entire causes of action." (*Ibid.*) "Claim preclusion applies only when 'a second suit involves (1) the same cause of action (2) between the same parties [or their privies] (3) after a final judgment on the merits in the first suit.'" (*Ibid.*) It is "well established" that claim preclusion "applies to small claims judgments." (*Pitzen*, *supra*, 120 Cal.App.4th at p. 1381.)

All three elements of claim preclusion are satisfied here. First, the causes of action asserted in the small claims action and

---

[3] There is no mechanism for a small claims court plaintiff to appeal an adverse judgment entered against him or her in that forum. (See *Pitzen v. Superior Court* (2004) 120 Cal.App.4th 1374, 1378-1380 (*Pitzen*); Code Civ. Proc., § 116.710, subd. (a).)

7

the instant action are the same. "Causes of action are considered the same if based on the same primary right." (*Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 325); see also *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 798 ["under the primary rights theory, the determinative factor is the harm suffered"].) "[W]hen there is only one primary right, an adverse judgment in the first suit is a bar even though the second suit is based on a different theory." (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 682.) Here, both the small claims complaint and the instant complaint sought relief for the same harms or primary rights violations: alleged March 2023 damage to plaintiff's main water line and alleged overbilling for water. Plaintiff's appellate arguments underscore the similarity of the suits: they are entirely directed at alleged errors made during the small claims court proceedings. Second, the parties in the small claims action and the instant action are identical. Third, the small claims action resulted in entry of a final judgment on the merits. The instant action accordingly is barred by claim preclusion.

Plaintiff has not demonstrated a reasonable probability that the problem can be cured by amendment to the complaint. Plaintiff asserts he "discovered additional supplemental damages occurred" after the small claims action was resolved, but he does not specify what they are. He claims that he "incorporated" them into the instant complaint, which refers only to the damage allegedly caused by the City's trucks in March.

Even if these damages stemmed from violation of a different primary right, the superior court correctly concluded that plaintiff cannot assert a common law negligence cause of action against defendants. "[D]irect tort liability of public

8

entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714." (*Eastburn v. Regional Fire Protection Authority* (2003) 31 Cal.4th 1175, 1183; Gov. Code, § 815, subd. (a).) The only statute plaintiff apparently cites in his complaint, Insurance Code section 790.03,[4] concerns "unfair and deceptive acts or practices in the business of insurance" and does not give rise to a private cause of action. (See *Moradi-Shalal v. Fireman's Fund Insurance Companies* (1988) 46 Cal.3d 287, 292, 313.) The record also reveals no allegations supportive of "breach of the implied covenant of fair dealing in good faith," which necessarily requires a contract. (See *Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 720.)

Plaintiff has not demonstrated that the trial court erred in sustaining the demurrer or denying leave to amend. We accordingly affirm the judgment.

## DISPOSITION

The judgment is affirmed. Defendants may recover their costs of appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, ACTING P. J.

We concur:

MORI, J.                                                                TAMZARIAN, J.

---

[4] Plaintiff cites "California Code Section 790.03 et seq.," which does not exist. The Insurance Code is the only statutory code that contains a section 790.03.