Filed 4/21/26  Milone v. Goodrich Brothers Apartments CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| KUNYAPAT MILONE et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>GOODRICH BROTHERS APARTMENTS, LLC,<br><br>    Defendant and Respondent. | B345454<br><br>(Los Angeles County Super. Ct. No. 24STCV17174) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Holly J. Fujie, Judge, and Steven A. Ellis, Judge.  Reversed and remanded.

The Brinton Firm, Matthew L. Brinton and Nickolas B. Solish for Plaintiffs and Appellants.

Fennemore, J. Jackson Waste and Rachelle T. Golden for Defendant and Respondent.

_____

In May 2023 Kunyapat Milone filed a small claims action against her landlord, Goodrich Brothers Apartments, LLC, alleging breach of the implied warranty of habitability based on lack of heat, water damage, and mold in her apartment during the period from January 2021 to the filing of the action. The court entered judgment in favor of Goodrich in June 2023. In July 2024 Milone filed a general jurisdiction complaint against Goodrich on behalf of herself and her newborn son, Levi Janthal (collectively, Tenants), alleging breach of the warranty of habitability and two related causes of action. Tenants alleged habitability issues similar to those alleged in the small claims action for the period from January 2021 to 2023, but they also alleged the same habitability issues continued until the filing of the complaint in 2024, including that the apartment was infested with insects in 2023 and then in 2024.

On January 9, 2025 the trial court sustained Goodrich's demurrer without leave to amend on the basis claim preclusion barred Tenants' 2024 action because it involved the same primary rights as Milone's small claims action. On appeal, Tenants contend claim preclusion does not apply because the complaint alleged the landlord failed to remedy insect infestation and other habitability issues after entry of the small claims judgment. We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

A.      *Milone's Small Claims Action*

On May 12, 2023 Milone filed a small claims action against Goodrich seeking damages for breach of the implied warranty of habitability. Milone alleged that since 2021 her apartment had

no heat, was severely humid and damp from a water leak below her apartment, and contained mold. Milone asked Goodrich to fix these issues, but Goodrich ignored her requests. A Los Angeles County building inspector and a professional mold company inspected Milone's apartment and found her heater was broken, an exterior wall below her apartment was crumbling from severe water damage, and there was mold in the apartment. Goodrich ignored the inspectors' reports.

The small claims court held a hearing on June 21, 2023. The same day the court entered judgment in favor of Goodrich, stating in a minute order, "Defendant Goodrich Brothers Apartment LLC does not owe the plaintiff Kunyapat Milone any money on plaintiff's claim."

B. *Milone and Janthal's 2024 Superior Court Action*

1. *The complaint*

On July 11, 2024 Tenants filed a complaint against Goodrich seeking damages for negligence, breach of the implied warranty of habitability, and tenant harassment under Los Angeles Municipal Code section 45.33. The complaint alleged Milone's son Janthal was born on July 22, 2023 and they experienced "ongoing problems with mold, water damage, lack of heat, and bug infestations for the duration of their tenancies" in their apartment.

The complaint alleged the apartment's heater stopped working in March 2021. Southern California Gas Company inspected the heater three months later and found a crack, but Goodrich did not provide a new heater. In November 2022 Milone filed a complaint with the Los Angeles County Department of Public Health raising multiple issues with the

3

apartment, including lack of heat.  The Department inspected the apartment and confirmed it lacked heat.  Goodrich replaced the heater with a used unit in December 2022, but the replacement unit did not work.

The complaint further alleged the apartment had significant water damage and mold.  In late 2021 and early 2022, rainwater damaged many of Milone's belongings, and Milone notified Goodrich in 2022 about the apartment's high humidity, damp floors, and water damage in the bathroom.  As a result of the rainwater, the carpet, floor mats, mattress, and bedframe smelled of mold and mildew.  After a private inspector identified mold in the bathroom, in December 2022 Goodrich treated the mold, but the mold problem was not resolved.

In addition, around 2021 Milone began noticing "bites and bleeding sores on her body," and she "captured at least one of the bugs."  Around this time, Milone's dog began having seizures, and the apartment had "major problems with an insect infestation."  Milone reported "pests living under her sink."  In September 2023 Milone "found an insect burrowed in her skin," and one month later she "saw the same type of insect on her baby's eyelashes."  Milone asked Goodrich to conduct pest treatment because "she and her son were getting bites every day," but Goodrich refused.  In May 2024 Milone's father stayed overnight at the apartment and woke up with bed bug bites.  Further, up until the filing of the complaint in July 2024, insects were still crawling on the floor, and Milone and Janthal were still suffering from insect bites.

2.     *The demurrer and trial court's ruling*

On October 8, 2024 Goodrich filed a demurrer to Tenants'
complaint in which it argued Milone's action was barred by res
judicata (claim preclusion) and collateral estoppel (issue
preclusion) because it alleged the same habitability issues
presented in the small claims action.[1]

On January 9, 2025, after hearing oral argument, the trial
court sustained Goodrich's demurrer without leave to amend.
The court explained in its written order with respect to claim
preclusion that "'the key issue is whether the same cause of
action is involved in both suits.  California law approaches the
issue by focusing on the "primary right" at stake . . . .'"  Milone's
small claims action and her 2024 action involved the same
primary right because they "both involve the same wrong by
Defendant, uninhabitable living conditions, and the same
resulting injury to Plaintiffs.  Even if the Complaint now adds
Ms. Milone's infant son and additional facts about insect
infestations, the gist of Plaintiffs['] action is still that Defendant
maintained the unit in an uninhabitable condition throughout
the same time period."  Thus, Tenants' action was barred.

---

[1]     We use "the terms 'claim preclusion' to describe the
primary aspect of the res judicata doctrine and 'issue preclusion'
to encompass the notion of collateral estoppel."  (*DKN Holdings
LLC v. Faerber* (2015) 61 Cal.4th 813, 824.)

5

Tenants appealed.  After we requested Tenants obtain a final judgment, on February 17, 2026 the trial court entered a judgment dismissing Tenants' action with prejudice.[2]

## DISCUSSION

A.    *Standard of Review*

"'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.'" (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768; accord, *T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.)  We likewise review de novo the legal question whether claim preclusion bars Tenants' present action.  (*Gray v. La Salle Bank, N.A.* (2023) 95 Cal.App.5th 932, 948; *LaCour v. Marshalls of California, LLC* (2023) 94 Cal.App.5th 1172, 1189.)  When evaluating the complaint, "we assume the truth of the allegations." (*Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 209; accord, *Lee v. Hanley* (2015) 61 Cal.4th 1225, 1230.)  However, we are not required to accept the truth of the factual or legal conclusions pleaded in the complaint.  (*Mathews*, at p. 768.)

"'Ordinarily, a general demurrer does not lie as to a portion of a cause of action, and if any part of a cause of action is properly pleaded, the demurrer will be overruled.'" (*Spencer v. City of Palos Verdes Estates* (2023) 88 Cal.App.5th 849, 861; accord, *Daniels v. Select Portfolio Servicing, Inc.* (2016) 246 Cal.App.4th 1150, 1167, 1188 [trial court erred in sustaining demurrer where

---

[2]    We treat Tenants' premature notice of appeal as filed immediately after entry of the trial court's February 17 judgment.  (See Cal. Rules of Court, rule 8.104(d)(2).)

plaintiffs successfully stated a cause of action for intentional and negligent misrepresentation based on one of six misrepresentations in their complaint], disapproved on another ground by *Sheen v. Wells Fargo Bank, N.A.* (2022) 12 Cal.5th 905, 928, 933-936.)

B.     *The Trial Court Erred in Dismissing Tenants' Action Based on Claim Preclusion*

Tenants contend the trial court erred on multiple grounds, including (1) a small claims judgment is not entitled to preclusive effect; (2) Janthal was not bound by the judgment because he was born after it was entered (and was not in privity with Milone); and (3) Tenants' claims that arose after entry of the judgment were not barred.  Tenants are correct as to the third contention.

"Claim preclusion prevents relitigation of entire causes of action.  [Citations.]  Claim preclusion applies only when 'a second suit involves (1) the same cause of action (2) between the same parties [or their privies] (3) after a final judgment on the merits in the first suit.'" (*Samara v. Matar* (2018) 5 Cal.5th 322, 326-327; accord, *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 91.)  Where the doctrine of claim preclusion applies, it "bars litigation not only of matters that were actually litigated, but also of matters that could have been litigated as part of the same cause of action." (*Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1219, fn. 14; accord, *Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 324.)  However, claim preclusion "is binding solely as to acts and omissions which occurred prior to the former adjudication.  Subsequent acts and omissions do not come within

7

the bar so established." (*Lake Merced Golf and Country Club v. Ocean Shore Railroad Co.* (1962) 206 Cal.App.2d 421, 435.)

Contrary to Tenants' contention, principles of claim preclusion apply to a judgment in a small claims action. (*Pitzen v. Superior Court* (2004) 120 Cal.App.4th 1374, 1381 ["It is well established that the claim preclusion aspect of the doctrine of res judicata applies to small claims judgments."]; see *Bailey v. Brewer* (2011) 197 Cal.App.4th 781, 791 [same].) The Supreme Court's decision in *Sanderson v. Niemann* (1941) 17 Cal.2d 563 does not support Tenants' contention that claim preclusion does not apply to small claims judgments. Rather, the court in *Sanderson* held that given the informality of small claims court proceedings, including the lack of attorneys, pleadings, and legal rules of evidence, *issue* preclusion does not apply to small claims court judgments. (*Sanderson*, at pp. 573-574; see *Pitzen*, at p. 1383.)

"To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently applied the "primary rights" theory.'" (*Boeken v. Phillip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797; accord, *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 904.) "'[T]he primary right is simply the plaintiff's right to be free from the particular injury suffered.'" (*Mycogen Corp.*, at p. 904; accord, *Boeken*, at p. 798.) Accordingly, "'[t]he "cause of action" is based upon the harm suffered, as opposed to the particular theory asserted by the litigant.' [Citation.] . . . Thus, under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same

8

primary right." (*Boeken*, at p. 798; see *Hayes v. County of San Diego* (2013) 57 Cal.4th 622, 631.)

However, when a second action involving the same parties alleges similar harm during a later time period, it is not barred by the earlier action. (See *Louis Stores, Inc. v. Department of Alcoholic Beverage Control* (1962) 57 Cal.2d 749, 757 [decision in first proceeding reversing revocation of grocery store's wholesale liquor license was not preclusive as to grocery store's later action challenging subsequent revocation of license on same grounds, because second proceeding was based on events occurring after first proceeding and thus "presents a cause of action different from the one [previously] determined"]; *Lake Merced Golf and Country Club v. Ocean Shore Railroad Co., supra*, 206 Cal.App.2d at p. 434 [earlier court decree that railroad had not abandoned right of way over strip of land did not "prevent proof of an abandonment of the right of way occurring after the . . . decree"].)

Goodrich contends Tenants' 2024 action addressed the same primary rights as the small claims action by alleging Tenants "'had ongoing problems with mold, water damage, lack of heat, and bug infestations *for the duration of their tenancies*.'" (Boldface omitted.) Although Goodrich is correct that the 2024 complaint alleged habitability issues in the apartment that were present prior to the June 2023 small claims judgment, the complaint also alleged conditions affecting habitability after that date, including that insects in the apartment were harming Tenants and their guest (Milone's father) in September 2023 and 2024. Because the alleged harm to Tenants arising from habitability issues after June 2023 could not have been litigated in Milone's small claims action, Tenants' causes of action based on these primary rights are not barred by claim preclusion.

Accordingly, Tenants stated causes of action for habitability and the related causes of action arising after entry of the small claims judgment, and the trial court erred in sustaining the demurrer. (*Spencer v. City of Palos Verdes Estates, supra*, 88 Cal.App.5th at p. 861; *Daniels v. Select Portfolio Servicing, Inc., supra*, 246 Cal.App.4th at p. 1167.)

## DISPOSITION

The judgment dismissing Tenants' action is reversed. The matter is remanded to the trial court with directions to vacate the order sustaining the demurrer to Tenants' complaint and to enter a new order overruling the demurrer. Tenants are to recover their costs on appeal.


FEUER, J.

We concur:


MARTINEZ, P. J.


GIZA, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10